**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Dinesh Patel
         Plaintiff,

v.

Georgetown Software House, Inc.
         Defendant.

Case No.:   1:24-cv-02535-ACR

Judge:   Hon. Ana C. Reyes

**PLAINTIFF'S PRE-MOTION NOTICE**

**PLAINTIFF'S PRE-MOTION NOTICE**

Pursuant to this Court's Standing Order Paragraph 7(f), Plaintiff Dinesh Patel ("Plaintiff") submits this Notice to request a pre-motion conference regarding a motion to dismiss he seeks to file in this case.

Plaintiff filed the above captioned action on August 26, 2024 (the "Complaint"; ECF 1), alleging willful infringement of Plaintiff's PEBBLES® mark by Defendant and several other related claims. On December 9, 2024, Defendant filed its Answer ("Answer"; ECF 5). Then, on December 26, 2024, Defendant filed its "Amended Answer And Counter Claims" (ECF 6), alleging several counterclaim against Plaintiff ("CounterClaims"; ECF 6 at 21-28) and for the first time alleged several affirmative defenses in its amended answer ("Amended Answer"; ECF 6 at 1-21).

Defendant has attempted to allege four counterclaims titled

- **Counterclaim I** - for Cancellation of Registration No. 6557799 for Abandonment, under Lanham Act §§14(3), 18, and 45;
- **Counterclaim II** for Cancellation of Registration Nos. 6557799 and Registration No. 6557978 for Abandonment under Lanham Act §§14(3), 18, and 45;
- **Counterclaim III** for Cancellation of Plaintiff's Trademark Registration Nos. 6557799 and 6557978 for No Bona Fide Use of Mark Prior To Filing of Use-based Trademark Application; and,
- **Counterclaim IV** for Cancellation of Plaintiff's Trademark Registration Nos. 6557799 and 6557978 for Fraud on the USPTO in Relation to Use in Commerce and First Use Dates.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff seeks dismissal of all alleged

counterclaims because they fail to sufficiently allege a claim, including that none of the alleged counterclaims meet basic pleading requirements of alleging damage or a belief of damage to Defendant due to any of Plaintiff's trademark registrations, and that they do not allege any prayer of relief or otherwise seek any relief whatsoever from this Court. CounterClaim I also appears to be redundant and included in CounterClaim II, both appear to allege abandonment. Since Defendant has the benefit of a trademark attorney, the CounterClaims lacking basic pleading requirements indicate Defendant's intention of increase Plaintiff's costs and unnecessarily delay this case using such meritless claims.

Counterclaim I and II recite Section 18 of the Lanham Act (15 U.S.C. §1068); however, Section 18 applies only to *inter partes* proceedings in front of the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office (the "USPTO"), and it is not available in a civil action. *See, CFA Institute v. American Society of Pension Professionals and Actuaries*, Case No. 3:19-cv-00012 (W.D. Va. October 24, 2019).

Defendant's CounterClaims are also devoid of any factual allegations; Defendant has only made conclusory and "upon information and belief" allegations, without any further factual allegations on what led Defendant to such belief. Numerous of Defendant's allegations are sharply contradicted by exhibits attached to the Complaint, on which Defendant's allegations essentially rely. For example, CounterClaims ¶¶ 20 and 20-25 make allegations against Plaintiff related to the trademark applications which matured into the registrations owned by Plaintiff, however, Complaint Ex. 1 (ECF1 at 42) shows that Plaintiff was assigned the said registrations and was not the owner of the said applications. Defendant's conclusory allegations (for eg, CounterClaim ¶¶ 23-24) are also sharply contradicted by a specimen submitted under Plaintiff's Trademark Registration No. Registration Nos. 6557799, which was accepted by the USPTO; see Complaint ¶ 44. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, when a transcript or other exhibits contradicts the terms of a pleading, the transcript prevails. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) *Avila v. Cate*, No. 1:10-CV-01208 JLT, 2011 WL 2680844, at *5 (E.D. Cal. July 8, 2011) ("When an attached exhibit contradicts the allegations in the pleadings, the contents of the exhibits trump the pleadings." (*citing, inter alia, Crenshaw v. Lister*,

556 F.3d 1283, 2009 WL 279812 at *7 (11th Cir. 2009))); *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("[A] litigant may be defeated by his own evidence, the pleader by his own exhibits when he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them.").

A party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof. *W.D. Byron Sons, Inc. v. Stein Bros. Mfg. Co.*, 54 C.C.P.A. 1442, 377 F.2d 1001, 1004 (1967). *Also see, In re Bose Corp.*, 91 U.S.P.Q.2d 1938, 1941 (Fed. Cir. 2009). A fraud claim requires heightened pleading standard; *Id*. However, Defendant's CounterClaim IV alleging fraud is also based exclusively on conclusory and "upon information and belief" allegations, entirely lacking any factual allegations. Defendant has attempted to allege fraud based on alleged false first use dates on Plaintiff's trademark registrations. However, even if the Court were to assume CounterClaims ¶33-36 as true, false first use date does not constitute fraud because the first use date is not material to an examining attorney's decision to approve a mark for publication; that is, the examining attorney does not rely upon the first use date in deciding whether to approve a mark for publication. *See Hiraga v. Arena*, 90 USPQ2d 1102, 2009 WL 723334 at *5 (TTAB 2009). Simply put, no matter what facts Defendant were to allege, relief to such fraud claim is not available under any circumstance, and as such Defendant's fraud claim must be dismissed with prejudice.

**Additional non-dispositive motion**

In addition to the above and in the same motion, and for judicial economy, Plaintiff also intends to move this Court to strike all of Defendant's affirmative defenses. Although a motion to strike is not dispositive mentioned under Paragraph 7(f) of the Standing Order, a motion to strike is against the same Amended Answer and CounterClaims (ECF6). As such, Plaintiff respectfully requests the Court to extend the deadline for motion to strike to allow Plaintiff to make one filing containing both motions.

Rule 8(c) requires that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Defendant did not plead any affirmative defense in its Answer (the "Answer"; ECF 5) which was filed on December 9, 2024. For that reason, Defendant waived all affirmative defenses for failure to timely plead them in the Answer. Even if the Court were to allow untimely filing of Defendant's affirmative defenses, Plaintiff seeks to move the Court pursuant to Rule

12(f), because the alleged affirmative defenses merely recite elements of affirmative defenses, or that the allegations recited in them sharply contradict the specimen which Defendant had submitted to the United States Patent and Trademark Office ("USPTO"); the said specimen is also attached as a part of exhibits to the Complaint (Complaint Ex. 13), and Defendant has admitted to having submitted the said specimen; Amended Answer ¶¶ 52-53 and 59-60. Plaintiff should not be burdened with immensely increased discovery due to such alleged affirmative defenses which do not meet minimum standard of pleading. "[A]n affirmative defense must include either direct or inferential allegations respecting all material elements of the claim asserted, and bare legal conclusions do not suffice." *In re Columbia Hosp. for Women Med. Ctr., Inc.*, 461 B.R. 648, 685 (Bankr. D.D.C. 2011).

**Request for permission to appear at the conference by video**

Plaintiff is a California resident acting *pro se* in this case, but not an incarcerated litigant, and as such it does not appear that he is excused from the requirements listed under Paragraph 7(f) of this Court's Standing Order. Plaintiff respectfully asserts that he is located across the United States, almost 3000 miles away from the Court in the District of Columbia. Plaintiff was unable to find any information in the Court's Standing Order on how to make such request for a permission to appear by video, as such he respectfully requests the Court's permission to do so, or alternately requests the Court to allow him to file a separate motion for such request if it is so needed.

For the reasons as set forth above, Plaintiff respectfully requests that the Court schedule a pre-motion conference in anticipation of Plaintiff's motion.

Respectfully submitted,

Dated:   January 16, 2025         /Dinesh Patel/

Dinesh Patel (*Pro Se* Plaintiff)
2118 Walsh Ave, Suite 240
Santa Clara, CA 95050
Email: btcroot@gmail.com
Telephone: (408) 454-8378

## CERTIFICATE OF SERVICE

    I hereby certify that on January 16, 2025, I caused the foregoing document to be served on Defendant's counsel of record electronically by means of the Court's CM/ECF system, and by forwarding a copy of the foregoing document attached to an email to the following email address of Defendant's counsel:

Catharine Luo
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756
Email: catharine.luo@dentons.com
(Attorneys for Defendant Georgetown Software House, Inc.)

/Dinesh Patel/

2118 Walsh Ave, Suite 240
Santa Clara, CA 95050
Email: btcroot@gmail.com