# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dinesh Patel | Case No.: 1:24-cv-02535 |
| Plaintiff, | Judge Ana C. Reyes |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S PRE-MOTION NOTICE** |
| Georgetown Software House, Inc. | |
| Defendant. | |

Pursuant to this Court's Sample Standing Order Paragraph 7(f), Defendant Georgetown Software House, Inc. ("Georgetown") submits this Response to Plaintiff Dinesh Patel's Pre-Motion Notice.[1]

## I. Plaintiff failed to confer before filing.

Plaintiff's Pre-Motion Notice violates Sample Standing Order Paragraph 7(h), which requires parties to confer before raising disputes with the Court. Plaintiff has made no attempts to confer with Georgetown before filing the Pre-Motion Notice. Had Plaintiff conferred, the parties may have been able to resolve his concerns without raising them with the Court. In an attempt to resolve Plaintiff's concerns, Georgetown is willing to dismiss the Third (laches), Fourth (acquiescence), and Fifth (estoppel) Affirmative Defenses and Counterclaim IV (fraud).

## II. Georgetown has met the pleading standard.

Georgetown's remaining affirmative defenses and counterclaims are well-pled and meet the pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring pleader merely to

---

[1] Plaintiff cites "Standing Order Paragraph 7(f) . . . ." in the Pre-Motion Notice. ECF No. 7 at 1. Georgetown presumes Plaintiff is referring to the "Sample Standing Order in Civil Cases" on the Court's website. Judge Ana C. Reyes' Court Webpage (last visited Jan. 23, 2025), https://www.dcd.uscourts.gov/judge-ana-c-reyes-court-webpage. Yet the Court has not entered a standing order in this case, so Paragraph 7(f) does not apply. The Pre-Motion Notice should therefore be stricken. Alternatively, and to expeditiously resolve the merits of the present litigation, Georgetown is willing to consent to the application of the Sample Standing Order.

state sufficient factual matter that, when accepted as true, plausibly states a claim). Plaintiff says Georgetown "merely recite[s] elements of [the] affirmative defenses" and that the counterclaims are "devoid of any factual allegations." ECF No. 7 at 2, 4. The affirmative defenses all incorporate over 200 paragraphs, including facts that Plaintiff himself alleged. *See, e.g.*, ECF No. 6 at 4. And the counterclaims include extensive details well beyond the *Iqbal* plausibility standard. *See, e.g.*, *id*. at 25. (providing factual basis for non-use of trademark).

### III.    Plaintiff's remaining arguments are improper or need no court intervention.

The other issues Plaintiff raises with Georgetown's affirmative defenses and counterclaims are not attacks on their substance and therefore are not grounds to dismiss them without at least giving Georgetown the chance to procedurally amend them. Fed. R. Civ. P. 15(a)(2).

*First*, Plaintiff argues that Georgetown failed to allege damages or include a prayer for relief. ECF No. 7 at 2. Yet Georgetown did allege damage. ECF No. 6 at 21 ("Plaintiff's unreasonable delay in filing these proceedings has materially economically prejudiced Defendant, including because Defendant has continued to use and invest in the marks . . . ."). And Georgetown has made a prayer for relief. ECF No. 6 at 22 ("Defendant hereby seeks cancellation of Plaintiff's trademark registration . . . ."). These allegations are incorporated by reference into all the counterclaims. *Id*. at 23, 24, 26.

*Second*, Plaintiff argues that Counterclaims I and II include redundant allegations of abandonment. ECF No. 7 at 2. Yet these counterclaims allege alternative theories. Specifically, Counterclaim I alleges that Plaintiff has discontinued use of the PEBBLES Class 42 Registration Mark because Plaintiff's website discusses only downloadable software, and downloadable software is not covered in Class 42; and Counterclaim II alleges that Plaintiff has discontinued use of the PEBBLES marks of both PEBBLES Registrations, as it is instead now using the mark PEBBLES UI. Such alternative theories are permitted in pleadings. Fed. R. Civ. P. 8(d)(2).

*Third*, Plaintiff says that Counterclaims I and II are deficient because Section 18 of the Lanham Act lacks a private right of action. ECF No. 7 at 2. Yet Lanham Act actions, including those arising under Section 14(3) that are cited in Georgetown's counterclaims, may be brought as counterclaims in an infringement action. *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 146 (2d Cir. 2007) ("[A]bandonment is not only an affirmative defense to an infringement action; it is a ground for cancelling a federally registered mark. *See* 15 U.S.C. § 1064(3) [§ 14(3) of the Lanham Act].").

*Fourth*, Plaintiff raises several non-material factual issues the Court may ignore. For example, Plaintiff says that Georgetown alleged that his trademark applications matured into registrations and that this allegation is contradicted by the Complaint's exhibits that shows Plaintiff was assigned the registrations. ECF No. 7 at 2. Taking out whether these allegations are true, whether Plaintiff applied for or was assigned the trademarks is immaterial to the Pre-Motion Notice and therefore not grounds to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring party plead "only enough facts to state a claim to relief that is plausible on its face.").

*Fifth*, Plaintiff argues that "Defendant waived all affirmative defenses for failure to timely plead them in the Answer." ECF No. 7 at 3. Yet Georgetown's Answer, Affirmative Defenses, and Counterclaims were timely. Plaintiff completed service on November 18, 2024. ECF No. 4. Georgetown timely served an initial answer 21 days later. ECF No. 5; Fed. R. Civ. P. 12(1)(A)(i). Georgetown served an amended answer on December 26, 2024, which Georgetown was permitted to do as a matter of right. ECF No. 6; Fed. R. Civ. P. 15(a)(1)(A). This amendment related back to the date of the original answer and was therefore timely. Fed. R. Civ. P. 15(c).

## IV.    Plaintiff is not the usual *pro se* litigant and is in fact a serial filer.

Plaintiff, though not formally represented by an attorney, is a sophisticated serial filer of trademark actions. *See, e.g.*, *Patel v. Google LLC*, No. 3:23-CV-02470-JD, 2024 WL 3047988, at *1 (N.D. Cal. June 18, 2024) (" . . . Dinesh Patel has sued defendants [Google], Sidewalk Labs,

LLC[], the City of Aspen, the City of Philadelphia, Sea Breeze Properties LLC[], and the Downtown Brooklyn Partnership, Inc.[].”); *Patel v. Pal USA, Inc.*, No. 2:24-CV-00536-APG-EJY, 2024 WL 4956391 (D. Nev. Dec. 3, 2024); T.T.A.B. Inquiry System (last visited Jan. 23, 2025), https://ttabvue.uspto.gov/ttabvue/v?pnam=Dinesh%20Patel%20%20 (showing other actions before the Trademark Trial and Appeal Board). Despite this history, Plaintiff attempts to use his *pro se* status to his advantage in the Pre-Motion Notice. ECF No. 7 at 2 (requesting counterclaims be dismissed and harsher standard be applied against Georgetown in part because “Defendant has the benefit of a trademark attorney”); *id*. at 4 (requesting to appear remotely because he is *pro se*). Thus, the Court should not apply a less stringent standard to Plaintiff—who is likely a full-time filer of trademark actions—because of his *pro se* status. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (implying courts apply a less stringent procedural standard to *pro se* litigants because of inartful pleadings and non-access to resources).[2]

### V.    Georgetown objects to Plaintiff's request to hold the pre-motion conference remotely.

The Court should follow its standard practice of holding pre-motion conferences in-person. As Plaintiff correctly points out, he is not an “incarcerated *pro se* litigant” under Sample Standing Order Paragraph 7(f)’s exception to the in-person requirement. Plaintiff brought his action in the District of Columbia yet now complains that he is “almost 3[,]000 miles away from the Court.” ECF No. 7 at 3. The in-person setting is of minimal burden, especially considering Plaintiff is not paying any attorney fees. The in-person setting will also improve communication with Plaintiff who failed to confer before filing the Pre-Motion Notice.

---

[2] Indeed, while the case presents minimal burden to Plaintiff who likely has litigation templates and is not relying on attorneys, Plaintiff's action is a substantial burden on Georgetown, a small business, that is forced to hire attorneys in these proceedings.

Dated: January 23, 2025

DENTONS US LLP

By: */s/ Eliot S. Markman*
Catharine Luo (D.C. Bar No. 1697958)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756
catharine.luo@dentons.com

Eliot S. Markman (D.C. Bar No. 1743128)
Dentons US LLP
Hanley Corporate Tower
101 S. Hanley, Suite 600
St. Louis, MO 63105
Telephone: (314) 241-1800
Facsimile: (314) 259-5959
eliot.markman@dentons.com

*Attorneys for Defendant Georgetown*
*Software House, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January 2025, I served a copy of the foregoing upon

the following via electronic mail and first class, U.S. mail, postage pre-paid to the following:

Dinesh Patel
2118 Walsh Ave., Suite 240
Santa Clara, CA 95050
btcroot@gmail.com

*/s/ Eliot S. Markman*