## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dinesh Patel | Case No.: 1:24-cv-02535 |
| Plaintiff, | Judge Ana C. Reyes |
| v. | **SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| Georgetown Software House, Inc. | |
| Defendant. | |

Defendant, Georgetown Software House, Inc ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff Dinesh Patel's ("Plaintiff") Complaint against Defendant and asserts affirmative defenses, and brings counterclaims, hereto:

### INTRODUCTION

1.  In answering paragraph 1, Defendant denies the allegations contained therein.

2.  In answering paragraph 2, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

3.  In answering paragraph 3, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

4.  In answering paragraph 4, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

5.  In answering paragraph 5, Defendant denies the allegations contained therein.

6.  In answering paragraph 6, Defendant denies the allegations contained therein.

7.    In answering paragraph 7, Defendant denies the allegations contained therein.

## JURISDICTION AND VENUE

8.    In answering paragraph 8, Defendant admits the allegations contained therein.

9.    In answering paragraph 9, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

10.    In answering paragraph 10, Defendant admits the allegations contained therein.

## PARTIES

11.    In answering paragraph 11, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same

12.    In answering paragraph 12, Defendant admits the allegations contained therein.

## FACTUAL BACKGROUND

### Plaintiff And His PEBBLES® Mark

13.    In answering paragraph 13, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

14.    In answering paragraph 14, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

15.    In answering paragraph 15, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

16.     In answering paragraph 16, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

17.     In answering paragraph 17, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

18.     In answering paragraph 18, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

19.     In answering paragraph 19 and upon information and belief, Defendant admits the allegations contained therein.

20.     In answering paragraph 20 and upon information and belief, Defendant admits the allegations contained therein.

21.     In answering paragraph 21 and upon information and belief, Defendant admits the allegations contained therein.

22.     In answering paragraph 22 and upon information and belief, Defendant states that the document speaks for itself.

23.     In answering paragraph 23 and upon information and belief, Defendant admits the allegations contained therein.

24.     In answering paragraph 24 and upon information and belief, Defendant denies the allegations contained therein.

25.     In answering paragraph 25 and upon information and belief, Defendant admits the allegations contained therein.

26.     In answering paragraph 26 and upon information and belief, Defendant denies the allegations contained therein.

27.     In answering paragraph 27 and upon information and belief, Defendant admits the allegations contained therein.

28.     In answering paragraph 28 and upon information and belief, Defendant admits the allegations contained therein.

29.     In answering paragraph 29 and upon information and belief, Defendant admits the allegations contained therein.

30.     In answering paragraph 30 and upon information and belief, Defendant admits the allegations contained therein.

31.     In answering paragraph 31 and upon information and belief, Defendant admits the allegations contained therein.

32.     In answering paragraph 32 and upon information and belief, Defendant admits the allegations contained therein.

33.     In answering paragraph 33 and upon information and belief, Defendant admits the allegations contained therein.

34.     In answering paragraph 34 and upon information and belief, Defendant admits the allegations contained therein.

35.     In answering paragraph 35, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

36.     In answering paragraph 36, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

37.     In answering paragraph 37, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

38.     In answering paragraph 38, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

**Plaintiff's Software Development Goods and Services, Including Ready-To-Run Function Modules**

39.     In answering paragraph 39, Defendant denies that this site appears to show any information related to Plaintiff's business; as to the remaining allegations of paragraph 39, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

40.     In answering paragraph 40, Defendant denies that this site appears to show any information related to Plaintiff's business; as to the remaining allegations of paragraph 40, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

41.      In answering paragraph 41, Defendant denies that this site appears to show any information related to Plaintiff's business; as to the remaining allegations of paragraph 41, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

42.     In answering paragraph 42, Defendant denies that this site appears to show any information related to Plaintiff's business; as to the remaining allegations of paragraph 42, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

43.     In answering paragraph 43, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 43, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

44.     In answering paragraph 44, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 44, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

45.     In answering paragraph 45, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 45, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

**Plaintiffs Automation And Automated Testing Goods and Services**

46.     In answering paragraph 46, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 46, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

47.     In answering paragraph 47, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 47,

Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

**Plaintiff's Pebbles® API**

48.    In answering paragraph 48, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

49.    In answering paragraph 49, Defendant denies Plaintiff's claim that any of its marks is infringing of any marks of Plaintiff, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 49, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

**Plaintiff's Pebbles® Software And SAAS Incorporating Use Of Spreadsheets**

50.     In answering paragraph 50, Defendant denies Plaintiff's claim that any of its marks is infringing of any marks of Plaintiff, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 50, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

51.    In answering paragraph 51, Defendant denies Plaintiff's claim that any of its marks is infringing of any marks of Plaintiff, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations of paragraph 51, Defendant states that it has insufficient knowledge or

information to form a belief as to the allegations contained therein, and therefore denies same.

**Defendant's Trademark Applications**

52.    In answering paragraph 52, Defendant admits the allegations contained therein.

53.    In answering paragraph 53, Defendant admits the allegations contained therein.

54.    In answering paragraph 54, Defendant denies the allegations contained therein.

55.    In answering paragraph 55, Defendant states that its alleged first use date of the "PEBBLE STREAM" mark is as at least as early as June 18, 2019 on Class 9 and Class 42 goods and services.

56.    In answering paragraph 56, Defendant states that its alleged first use date of the "PEBBLE STREAM" mark in United States commerce is as at least as early as August 16, 2019 on Class 9 and Class 42 goods and services.

57.    In answering paragraph 57, Defendant admits the allegations contained therein.

58.    In answering paragraph 58, Defendant denies Plaintiff's claim that any of its marks are infringing of any marks of Plaintiff, states that it uses its PEBBLE STREAM mark on a spreadsheet programming language and a software platform that exercises such spreadsheet programming language, and denies the remaining allegations contained therein.

59.    In answering paragraph 59, Defendant admits the allegations contained therein.

60.    In answering paragraph 60, Defendant admits the allegations contained therein.

61.    In answering paragraph 61, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

62.    In answering paragraph 62, Defendant admits the allegations contained therein.

63.    In answering paragraph 63, Defendant states that the term Plaintiff's PEBBLES branded goods and services is vague and ambiguous, and denies the allegations contained therein.

64.    In answering paragraph 64, Defendant states that the term Plaintiff's PEBBLES branded goods and services is vague and ambiguous, and denies the allegations contained therein.

65.    In answering paragraph 65, Defendant denies the allegations contained therein.

66.    In answering paragraph 66, Defendant denies the allegations contained therein.

67.    In answering paragraph 67, Defendant denies the allegations contained therein.

**Plaintiff's Cease And Desist Letter To Defendant**

68.    In answering paragraph 68, Defendant states that the term Plaintiff's PEBBLES branded goods and services is vague and ambiguous, and denies the allegations contained therein.

69.    In answering paragraph 69, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein relating to Plaintiff's first learning of Defendant's '703 Application and any date of mailing by USPS Certified Mail, and therefore denies same, and admits that Plaintiff sent a cease-and-desist letter to Defendant via email on September 6, 2023.

70.    In answering paragraph 70, Defendant admits the allegations contained therein.

71.    In answering paragraph 71, Defendant admits the allegations contained therein.

72.    In answering paragraph 72, Defendant states that the document speaks for itself, and denies the claims of the document.

73.    In answering paragraph 73, Defendant states that the document speaks for itself, and denies the claims of the document.

74.    In answering paragraph 74, Defendant states that the document speaks for itself, and denies the claims of the document.

75.    In answering paragraph 75, Defendant states that it notified Plaintiff on September 20, 2023 that it would investigate the claims of the Cease-And-Desist Letter and would respond in due course, and denies the remaining allegations contained therein.

**Plaintiffs Trademark Opposition Proceeding against Defendant**

76.    In answering paragraph 76, Defendant admits the allegations contained therein.

77.    In answering paragraph 77, Defendant admits the allegations contained therein.

78.    In answering paragraph 78, Defendant states that the document speaks for itself, and denies the claims of the document.

79.    In answering paragraph 79, Defendant admits the allegations contained therein.

80.    In answering paragraph 80, Defendant admits the allegations contained therein.

81.    In answering paragraph 81, Defendant admits the allegations contained therein.

82.    In answering paragraph 82, Defendant admits the allegations contained therein.

83.    In answering paragraph 83, Defendant admits the allegations contained therein.

84.    In answering paragraph 84, Defendant denies the allegations contained therein.

85.    In answering paragraph 85, Defendant denies the allegations contained therein.

86.    In answering paragraph 86, Defendant admits the allegations contained therein.

87.    In answering paragraph 87, Defendant denies the allegations contained therein.

88.    In answering paragraph 88, Defendant denies Plaintiff's claim that any of its marks are infringing of any marks of Plaintiff, and states that none of its marks have been registered by the USPTO.

**Plaintiff's Priority Of Use**

89.    In answering paragraph 89, Defendant denies Plaintiff's claim that any of its marks are infringing of any marks of Plaintiff, and Defendant denies the allegations contained therein.

90.    In answering paragraph 90, denies Plaintiff's claim that any of its marks are infringing of any marks of Plaintiff, and Defendant denies the allegations contained therein.

91.    In answering paragraph 91, Defendant denies Plaintiff's claim that any of its marks are infringing of any marks of Plaintiff, and Defendant denies the allegations contained therein.

92.    In answering paragraph 92, Defendant denies the allegations contained therein.

93.    In answering paragraph 93, Defendant admits the allegations contained therein.

**Parties' Marks Are Identical Or Very Similar**

94.    In answering paragraph 94, Defendant denies the allegations contained therein.

95.    In answering paragraph 95, Defendant denies the allegations contained therein.

96.    In answering paragraph 96, Defendant denies the allegations contained therein.

**Parties' Goods And Services Are Identical Or Very Similar**

97.    In answering paragraph 97, Defendant denies the allegations contained therein.

98.    In answering paragraph 98, Defendant admits the allegations contained therein

**Defendant's Use Of The Infringing PEBBLE Marks On Software Development Tools**

99.     In answering paragraph 99, Defendant denies Plaintiff's claim that any of its documentation is infringing of any marks of Plaintiff, and admits the remaining allegations contained therein.

100.    In answering paragraph 100, Defendant denies Plaintiff's claim that any of its documentation is infringing of any marks of Plaintiff, and states that the document speaks for itself.

101.    In answering paragraph 101, Defendant denies Plaintiff's claim that any of its documentation is infringing of any marks of Plaintiff, and states that the document speaks for itself.

102.    In answering paragraph 102, Defendant denies Plaintiff's claim that any of its documentation is infringing of any marks of Plaintiff, and states that the document speaks for itself.

103.    In answering paragraph 103, Defendant denies Plaintiff's claim that any of its documentation is infringing of any marks of Plaintiff, and states that the document speaks for itself.

104.    In answering paragraph 104, Defendant states that the document speaks for itself.

105.    In answering paragraph 105, Defendant states that the document speaks for itself.

106.    In answering paragraph 106, Defendant states that the document speaks for itself.

107.    In answering paragraph 107, Defendant states that the document speaks for itself.

108.    In answering paragraph 108, Defendant states that the document speaks for itself.

109.    In answering paragraph 109, Defendant states that the document speaks for itself.

110.    In answering paragraph 110, Defendant states that the document speaks for itself.

111.    In answering paragraph 111, Defendant denies the allegations contained therein.

**Defendant's Use Of The Infringing PEBBLE Marks In Software For API**

112.    In answering paragraph 112, Defendant denies Plaintiff's claim that any of its API is infringing of any marks of Plaintiff, and admits the remaining allegations contained therein.

113.    In answering paragraph 113, Defendant denies Plaintiff's claim that any of its API is infringing of any marks of Plaintiff, and Defendant denies the allegations contained therein.

**Defendant's Use Of The Infringing PEBBLE Marks On Software Incorporating Use Of Spreadsheets**

114.    In answering paragraph 114, Defendant denies Plaintiff's claim that any of its marks is infringing of any marks of Plaintiff, and states that the document speaks for itself.

115.    In answering paragraph 115, Defendant states that the document speaks for itself.

116.    In answering paragraph 116, Defendant denies the allegations contained therein.

**Defendant's Use Of The Infringing PEBBLE Marks On Ready-To-Run Software Functions Or Modules**

117.    In answering paragraph 117, Defendant denies the allegations contained therein.

118.    In answering paragraph 118, Defendant denies Plaintiff's claim that any of its marks is infringing of any marks of Plaintiff, and states that the document speaks for itself.

119.    In answering paragraph 119, Defendant denies Plaintiff's claim that any of its marks is infringing of any marks of Plaintiff, and states that the document speaks for itself.

120.    In answering paragraph 120, Defendant denies the allegations contained therein.

**Defendant's Use Of The Infringing PEBBLE Marks In Automation And Automated Testing**

121.   In answering paragraph 121, Defendant denies Plaintiff's claim that any of its content is infringing of any marks of Plaintiff, and admits the remaining allegations contained therein.

122.   In answering paragraph 122, Defendant states that the document speaks for itself.

123.   In answering paragraph 123, Defendant states that the document speaks for itself.

124.   In answering paragraph 124, Defendant denies the allegations contained therein.

125.   In answering paragraph 125, Defendant denies the allegations contained therein.

**Defendant's Statements In Its Trademark Application**

126.   In answering paragraph 126, Defendant denies the allegations contained therein.

127.   In answering paragraph 127, Defendant admits the allegations contained therein.

128.   In answering paragraph 128, Defendant admits the allegations contained therein

**Parties' Channels Of Trade Are The Same**

129.   In answering paragraph 129, Defendant denies the allegations contained therein.

**Parties' Consumers Are Also The Same**

130.   In answering paragraph 130, Defendant denies the allegations contained therein.

131.   In answering paragraph 131, Defendant admits that it offers enterprise-level and network-deployable goods and services to consumers which include large or very large corporations, and states that it has insufficient knowledge or information to form a belief as to the remaining allegations contained therein, and therefore denies same.

**Defendant's Knowing, Continued, And Deliberate Disregard of Plaintiff's Trademark Rights**

132.   In answering paragraph 132, Defendant admits the allegations contained therein.

133.    In answering paragraph 133, Defendant denies the allegations contained therein.

134.    In answering paragraph 134, Defendant denies the allegations contained therein.

135.    In answering paragraph 135, Defendant denies the allegations contained therein.

136.    In answering paragraph 136, Defendant denies the allegations contained therein.

137.    In answering paragraph 137, Defendant denies the allegations contained therein.

138.    In answering paragraph 138, Defendant denies the allegations contained therein.

139.    In answering paragraph 139, Defendant denies that Plaintiff has ownership of the PEBBLES mark, and admits the remaining allegations contained therein.

140.    In answering paragraph 140, Defendant denies Plaintiff's claim that any of its marks is infringing of any marks of Plaintiff, and admits the remaining allegations contained therein.

141.    In answering paragraph 141, Defendant denies the allegations contained therein.

142.    In answering paragraph 142, Defendant denies the allegations contained therein.

143.    In answering paragraph 143, Defendant denies the allegations contained therein.

144.    In answering paragraph 144, Defendant denies the allegations contained therein.

**CLAIM I**
**(Federal Trademark Infringement — 15 U.S.C. § 1114(1) (Lanham Act 15 U.S.C. § 32(a))**

145.    In answering paragraph 145, Defendant repeats paragraphs 1 through 144 of this Answer as if fully set forth here.

146.    In answering paragraph 146, Defendant denies the allegations contained therein.

147.    In answering paragraph 147, Defendant denies the allegations contained therein.

148.    In answering paragraph 148, Defendant admits the allegations contained therein.

149.    In answering paragraph 149, Defendant denies the allegations contained therein.

150.    In answering paragraph 150, Defendant denies the allegations contained therein.

151.    In answering paragraph 151, Defendant denies the allegations contained therein.

152.    In answering paragraph 152, Defendant denies Plaintiff's claim that any of its

marks is infringing of any marks of Plaintiff, and admits the remaining allegations

contained therein.

153.    In answering paragraph 153, Defendant denies the allegations contained therein.

154.    In answering paragraph 154, Defendant denies the allegations contained therein.

155.    In answering paragraph 155, Defendant states that it has insufficient knowledge or

information to form a belief as to the allegations contained therein, and therefore

denies same.

156.    In answering paragraph 156, Defendant denies the allegations contained therein.

157.    In answering paragraph 157, Defendant denies the allegations contained therein.

158.    In answering paragraph 158, Defendant denies the allegations contained therein.

159.    In answering paragraph 159, Defendant denies the allegations contained therein.

160.    In answering paragraph 160, Defendant denies the allegations contained therein.

161.    In answering paragraph 161, Defendant denies the allegations contained therein.

162.    In answering paragraph 162, Defendant denies the allegations contained therein.

163.    In answering paragraph 163, Defendant denies the allegations contained therein.

164.    In answering paragraph 164, Defendant denies the allegations contained therein.

165.    In answering paragraph 165, Defendant denies the allegations contained therein.

## CLAIM II
**(Unfair Competition and False Designation of Origin — 15 U.S.C. § 1125(a) [Lanham Act § 43(a)])**

166.    In answering paragraph 166, Defendant repeats paragraphs 1 through 165 of this

Answer as if fully set forth here.

167.    In answering paragraph 167, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

168.    In answering paragraph 168, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

169.    In answering paragraph 169, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

170.    In answering paragraph 170, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

171.    In answering paragraph 171, Defendant admits the allegations contained therein.

172.    In answering paragraph 172, Defendant denies the allegations contained therein.

173.    In answering paragraph 173, Defendant denies the allegations contained therein.

174.    In answering paragraph 174, Defendant denies the allegations contained therein.

175.    In answering paragraph 175, Defendant denies the allegations contained therein.

176.    In answering paragraph 176, Defendant denies the allegations contained therein.

177.    In answering paragraph 177, Defendant denies the allegations contained therein.

178.    In answering paragraph 178, Defendant denies the allegations contained therein.

## CLAIM III
### (Common Law Trademark Infringement and Unfair Competition)

179.    In answering paragraph 179, Defendant repeats paragraphs 1 through 178 of this Answer as if fully set forth here.

180.    In answering paragraph 180, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

181.    In answering paragraph 181, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

182.    In answering paragraph 182, Defendant admits the allegations contained therein.

183.    In answering paragraph 183, Defendant denies the allegations contained therein.

184.    In answering paragraph 184, Defendant denies the allegations contained therein.

185.    In answering paragraph 185, Defendant denies the allegations contained therein.

186.    In answering paragraph 186, Defendant denies the allegations contained therein.

187.    In answering paragraph 187, Defendant denies the allegations contained therein.

188.    In answering paragraph 188, Defendant denies the allegations contained therein.

189.    In answering paragraph 189, Defendant denies the allegations contained therein.

190.    In answering paragraph 190, Defendant denies the allegations contained therein.

## CLAIM IV
### (Declaratory Relief Pursuant To 28 U.S.C. § 2201)

191.    In answering paragraph 191, Defendant repeats paragraphs 1 through 190 of this Answer as if fully set forth here.

192.    In answering paragraph 192, Defendant denies the allegations contained therein.

193.    In answering paragraph 193, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

194.    In answering paragraph 194, Defendant admits the allegations contained therein.

195.    In answering paragraph 195, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

196.    In answering paragraph 196, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

197.    In answering paragraph 197, Defendant states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

198.    In answering paragraph 198, Defendant denies the allegations contained therein.

199.    In answering paragraph 199, Defendant denies the allegations contained therein.

200.    In answering paragraph 200, Defendant denies that Plaintiff has trademark rights in the word PEBBLE, and states that it has insufficient knowledge or information to form a belief as to the allegations contained therein, and therefore denies same.

201.    In answering paragraph 201, Defendant denies the allegations contained therein.

202.    In answering paragraph 202, Defendant denies the allegations contained therein.

203.    In answering paragraph 203, Defendant denies the allegations contained therein.

### ALL NUMBERED PARAGRAPHS, AND "WHEREFORE" PARAGRAPHS

To the extent not expressly admitted herein, each and every allegation in the Complaint is hereby denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE –
### NO TRADEMARK USE AS TO THE TERMS PEBBLE/PEBBLES

204.    Defendant repeats paragraphs 1 through 203 of its Answer and Affirmative Defenses as if fully set forth here.

205.    The words PEBBLE or PEBBLES are used in the field of computations to describe a marker in a computational step(s).

206.    Defendant uses the words PEBBLE or PEBBLES to describe a computational step(s).

207.    Defendant's use of the words PEBBLE or PEBBLES is descriptive, and is not a trademark usage.

208.    Because Defendant's use of the words PEBBLE or PEBBLES is a descriptive, non-trademark usage, Defendant's use of the words PEBBLE or PEBBLES is not infringing of Plaintiff's purported marks.

### SECOND AFFIRMATIVE DEFENSE – FAIR USE

209.    Defendant repeats paragraphs 1 through 208 of its Answer and Affirmative Defenses as if fully set forth here.

210.    Defendant's descriptive use of the word PEBBLE or PEBBLES is a fair use.

### DEFENDANT'S COUNTERCLAIMS

### COUNTERCLAIM I
### FOR CANCELLATION OF REGISTRATION NO. 6,557,799
### FOR ABANDONMENT, UNDER LANHAM ACT §§ 37 and 45

1.    Defendant repeats paragraphs 1 through 210 of its Answer and Affirmative Defenses as if fully set forth here.

2.      Defendant, Georgetown Software House, Inc., is a corporation, located at 6704 5th St NW, Washington, DC 20012, incorporated under the laws of the District of Columbia.

3.      Upon information and belief, Plaintiff, Dinesh Patel, is a United States citizen located at 2118 Walsh Ave, Suite 240, Santa Clara, CA 95050.

4.      Defendant hereby seeks cancellation of Plaintiff's trademark registration in the mark PEBBLES, Registration No. 6,557,799 ("PEBBLES Class 42 Registration"), which registered on November 16, 2021 on the basis of use in commerce under Trademark Act Section 1(a).

5.      The claimed services of the PEBBLES Class 42 Registration as registered are as follows:

> Class 42: Providing temporary use of on-line non-downloadable software for developing other computer software and graphical user interface; providing temporary use of on-line non-downloadable software and software utility for creating graphical user interface; providing temporary use of on-line non-downloadable software for assisting developers in creating program code for use in multiple application software, and user's manuals and instructional manuals sold as a unit therewith; designing and providing temporary use of on-line non-downloadable software components, namely, software in the nature of controls and indicators, for creating Human-Machine-Interface, and user's manuals and instructional manuals sold as a unit therewith

> (the "Claimed PEBBLES Class 42 Services")

6.      Upon information and belief, since the date of registration of the PEBBLES Class 42 Registration, Plaintiff has discontinued use of the mark of the PEBBLES Class 42 Registration Mark in commerce in connection with the Claimed PEBBLES Class 42 Services, with intent not to resume such use in commerce.

7.      Upon information and belief, Plaintiff controls the content of the website at www.batchtest.com/pebbles, which is affiliated with Plaintiff's claimed PEBBLES mark ("**Plaintiff's Website**").

8.    Upon information and belief, Plaintiff's Website discusses downloadable software, and does not reflect or show use of the mark of the PEBBLES Class 42 Registration in connection with the Claimed PEBBLES Class 42 Services.

9.    Upon information and belief, Plaintiff's Website lists Pebbles UI under "Products" and not under "Services".

10.    Upon information and belief, Plaintiff has discontinued use of the mark of the PEBBLES Class 42 Registration in connection with the Claimed PEBBLES Class 42 Services, with intent not to resume such use in commerce.

11.    Upon information and belief, because use of the mark of the PEBBLES Class 42 Registration in commerce has been discontinued for the Claimed PEBBLES Class 42 Services, with intent not to resume such use in commerce, the PEBBLES Class 42 Registration has lost all capacity as a source indicator for the Claimed PEBBLES Class 42 Services, and has been abandoned by Plaintiff.

12.    Plaintiff is using its PEBBLES Class 42 Registration as a basis for the current action against Defendant.  Therefore, the continued existence of Plaintiff's Class 42 Registration threatens Defendant's use of its PEBBLE STREAM mark and federal trademark application in same.

13.    The current action has also caused Defendant to incur attorneys' fees and costs and the reasonable apprehension that Plaintiff's suit could result in additional injury.

14.    Defendant's PEBBLES Class 42 Registration has damaged and is likely to continue to damage Defendant if not cancelled.

15.    Based on the foregoing, Defendant's PEBBLES Class 42 Registration should be cancelled pursuant to Lanham Act Section 37.

## COUNTERCLAIM II

### FOR CANCELLATION OF REGISTRATION NO. 6,557,799 AND REGISTRATION NO. 6,557,978 FOR NO BONA FIDE USE OF MARK PRIOR TO FILING OF USE-BASED TRADEMARK APPLICATION, UNDER LANHAM ACT §§1(a), 37, and 45

16.     Defendant repeats paragraphs 1 through 210 of its Answer and Affirmative Defenses and paragraphs 1 through 15 of its Counterclaims as if fully set forth here.

17.     Plaintiff filed the applications of its PEBBLES Registrations on the basis of use in commerce under Trademark Act § 1(a).

18.     A trademark application filed with the USPTO on the basis of use in commerce under Trademark Act § 1(a) must be in bona fide use in commerce prior to the filing date of the application.  15 U.S.C. § 1051(a).

19.     Upon information and belief, when the applications of the PEBBLES Registrations were filed on January 8, 2020 as Trademark Act § 1(a) applications based on use in commerce, Plaintiff was not making bona fide use of the PEBBLES Marks in commerce in connection with the goods and services of the PEBBLES Registrations.

20.     Instead, Plaintiff was making use of the term PEBBLES UI, and not PEBBLES, at the time of the filing of the PEBBLES Registrations.

21.     The specimens submitted to the USPTO by Plaintiff in connection with the applications of the PEBBLES Registrations show use of the mark PEBBLES UI, and any reference to "Pebbles" alone relates only to a service to update and synchronize Plaintiff's own product, which does not qualify as a service rendered in commerce.

22.     Furthermore, in relation to the PEBBLES Class 42 Registration, Plaintiff was not making use of the PEBBLES Marks in connection with the Claimed Class 42 Services at the time of the filing of the application of the PEBBLES Class 42 Registration.

23.    The specimens submitted by Defendant in connection with the application of the PEBBLES Class 42 Registration only clearly refer to downloadable software, and any reference to "service" relates only to a service to update and synchronize Defendant's own product, which does not qualify as a service rendered in commerce.

24.    Before the filing of Plaintiff's applications of the PEBBLES Registrations, Plaintiff's website listed Pebbles UI under "Our Products" or "Products" and not under "Our Services" or "Services."

25.    At no time has Plaintiff shown that its PEBBLES Marks were in bona fide use in commerce as of its January 8, 2020 filing date of the in-use trademark application of the PEBBLES Registrations.

26.    Upon information and belief, the PEBBLES Marks were not in bona fide use in connection with the goods and services of the PEBBLES Registrations as of the filing date of the applications of the PEBBLES Registrations.

27.    Plaintiff is using its PEBBLES Registrations as a basis for the current action against Defendant.  Therefore, the continued existence of Plaintiff's Registrations threatens Defendant's use of its PEBBLE STREAM mark and federal trademark application in same.

28.    The current action has also caused Defendant to incur attorneys' fees and costs and the reasonable apprehension that Plaintiff's suit could result in additional injury.

29.    Defendant's PEBBLES Registrations have damaged and are likely to continue to damage Defendant if not cancelled.

30.    Based on the foregoing, Defendant's PEBBLES Registrations should be cancelled pursuant to Lanham Act Section 37.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Georgetown Software House, Inc. respectfully requests that this Court deny all relief requested by Plaintiff in the Complaint, enter judgment in Defendant's favor on the Counterclaims, and grant Defendant the following relief:

Order the Director of the United States Patent and Trademark Office to cancel Plaintiff's U.S. Trademark Registration Nos. 6,557,799 and 6,557,978 pursuant to Lanham Act Sections 1(a), 37, and 45;

Grant such other and further relief as the Court may deem just and proper.


Dated: May 6, 2025                          DENTONS US LLP

                                            By: */s/ Eliot S. Markman*
                                            Eliot S. Markman (D.C. Bar No. 1743128)
                                            Dentons US LLP
                                            Hanley Corporate Tower
                                            101 S. Hanley, Suite 600
                                            St. Louis, MO 63105
                                            Telephone: (314) 241-1800
                                            Facsimile: (314) 259-5959
                                            eliot.markman@dentons.com

                                            *Attorney for Defendant Georgetown*
                                            *Software House, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2025, I served a copy of the foregoing upon the following via electronic mail and first class, U.S. mail, postage pre-paid to the following:

Dinesh Patel
2118 Walsh Ave., Suite 240
Santa Clara, CA 95050
btcroot@gmail.com


                                            */s/ Eliot S. Markman*

130165380