IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dinesh Patel<br>        Plaintiff,<br><br>    v.<br><br>Georgetown Software House, Inc.<br>        Defendant. | Case No.:    1:24-cv-02535-ACR<br><br>Judge:      Hon. Ana C. Reyes<br><br>**MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS** |

      Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Dinesh Patel ("Plaintiff") respectfully moves this Court to dismiss counterclaims ("Counterclaims" or "Counterclaim") alleged against him in defendant Georgetown Software House, Inc.'s ("Defendant") "Second Amended Answer And Affirmative Defenses, And Counterclaims" (ECF 13; "2ACC") filed on May 6, 2025.

      During the April 30, 2025 pre-motion conference ("Apr30-Hearing") granted by the Court, Plaintiff had pointed out that Defendant had merely copied over counterclaims from an unrelated U.S. trademark opposition proceeding involving Plaintiff and a third-party, due to which Defendant was unable to point out any allegation of damage in its "Amended Answer And Affirmative Defenses, And Counterclaims" (ECF 6; "1ACC"). The 2ACC once again fails to state any claim upon which relief may be granted and it should be entirely dismissed with prejudice.

      The grounds for this motion are set forth in the accompanying memorandum. A proposed order is also attached for the Court's consideration.

                                                                           Respectfully submitted,

Dated:    May 27, 2025                      /Dinesh Patel/

                                                      *Pro Se* Plaintiff
                                                      2118 Walsh Ave, Suite 240
                                                      Santa Clara, CA 95050
                                                      Email: btcroot@gmail.com
                                                      Telephone: (408) 454-8378

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dinesh Patel<br>　　　　Plaintiff,<br><br>　　v.<br><br>Georgetown Software House, Inc.<br>　　　　Defendant. | Case No.:　　1:24-cv-02535-ACR<br><br>Judge:　　Hon. Ana C. Reyes<br><br>**[PROPOSED] ORDER DISMISSING SECOND AMENDED COUNTERCLAIMS** |

### [Proposed] ORDER

THIS MATTER having come before the Court on Plaintiff Dinesh Patel's MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS, and having considered the parties' papers filed in support of and in opposition to the Motion, argument by parties, and all other matter properly considered by this Court, it is:

ORDERED that Plaintiff's Motion is GRANTED; and it is further

ORDERED that Defendant Georgetown Software House, Inc.'s Counterclaims are hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: _____         _____

　　　　　　　　　　　　　　　　　　Hon. Ana C. Reyes

　　　　　　　　　　　　　　　　　　United States District Judge

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 12(b), plaintiff Dinesh Patel ("Plaintiff" or "Patel") moves to dismiss with prejudice, Georgetown Software House Inc.'s ("Defendant" or "GSH") counterclaims ("Counterclaims" or "Counterclaim") as set forth in Defendant's "Second Amended Answer And Affirmative Defenses, And Counterclaims" ("2ACC"; ECF 13) filed on May 6, 2025. Defendant's answer and affirmative defenses in the 2ACC are collectively, the "Answer" (ECF 13 at 1-20).

## I.  BACKGROUND

Plaintiff owns U.S. Trademark Registration Nos. 6557978 (ECF 1 at 40-41); the "'978 Registration") and 6557799 (ECF 1 at 53-54; the "'799 Registration") for the "PEBBLES" mark (the "PEBBLES® Mark") in class 9 and 42 respectively for a variety of goods and services (the '978 Registration and the '799 Registration are collectively the "PEBBLES® Registrations"). The PEBBLES® Mark on several types of software on the PEBBLES® Registrations is strong and registered on the Principal Register without any disclaimer. The PEBBLES® Registrations and the PEBBLES® Mark along with the goodwill associated with it were assigned to Plaintiff by his predecessor BatchTest Corporation ("BatchTest"); ECF 1 at 42-43. The PEBBLES® Registrations had matured from BatchTest's Section 1(a) use-based applications after the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") issued its final judgment in BatchTest's favor under U.S. Trademark Cancellation No. 92074420, (see ECF 1 at 52) cancelling a third-party's conflicting U.S. Trademark Registration No. 5753143 for the "PEBBLES" mark, with its earliest date of constructive use at least as early as June 8, 2018.

Plaintiff had timely initiated U.S. Trademark Opposition No. 91288564 (the "'564 Opposition"; Complaint ¶79 and 2ACC at 10 ¶ 79) in front of the TTAB which is currently suspended pending the outcome of this case. After Plaintiff's numerous further attempts to persuade Defendant to stop its deliberate infringement of the PEBBLES® Mark failed, he was forced to file the Complaint (ECF 1) with this Court because the TTAB does not have jurisdiction over trademark infringement claims and cannot order Defendant to stop use of any trademark.

Defendant filed its original answer (ECF 5; "Original Answer") on December 9, 2024, which did not allege any affirmative defense or counterclaim and contained no exhibits.

Seventeen days later, Defendant filed its First Amended Counterclaims (ECF 6; "1ACC") on December 26, 2024, before Plaintiff had a chance to respond to the Original Answer.

On January 16, 2025, Plaintiff filed his Pre-motion notice (ECF 7; "Plaintiff's-Notice") pursuant to this Court's Standing Order (ECF 12) Rule 7(f) and Defendant filed its response (ECF 9; "Defendant's-Response") on January 23, 2025.

Defendant's previous attorney who had filed the Original Answer and the 1ACC, has already withdrawn from this case at such early stage; see ECF 8 and 10.

During the Apr30-Hearing on Plaintiff's-Notice, the Court dismissed Defendant's previous counterclaim IV alleging fraud with prejudice, and struck Defendant's previous affirmative defenses 3, 4, and 5 from the 1ACC, and granted Defendant leave to again replead its counterclaims and granted Plaintiff permission to file this Motion without following the Court's pre-motion conference process (see the Court's Minute Order dated April 30, 2025).

During the Apr30-Hearing, Defendant was unable to point out any allegation of damage in its 1ACC to this Court. Now despite having several opportunities to cure its issues, the 2ACC once again fails to sufficiently allege any claim on which relief maybe granted. For instance, the heading of Counterclaim II alleges that it is "For Cancellation Of … Registration No. 6,557, 978 …," but it contains no allegations against the 978 Registration.

II. **LEGAL STANDARD**

"When a plaintiff moves to dismiss a defendant's counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court applies the same standards that it does when evaluating a motion to dismiss a plaintiff's complaint on the same grounds." *Adirondack Transit Lines, Inc. v. Greyhound Lines, Inc.*, No. 22-1662, 2023 WL 196245, at *3 (D.D.C. Jan. 17, 2023). Fed. R. Civ. P 12(b)(6) allows the Court to eliminate claims "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys.*, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993).

To survive a motion to dismiss, a party must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, a party must allege well-pleaded factual matter and more than "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Id.* (*quoting Twombly*, 550 U.S. at 555). Pleadings must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Therefore a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). The Court need not accept inferences drawn by the counter-plaintiff if those inferences are unsupported by facts alleged in the counterclaims, nor must the Court accept counter-plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

District Courts commonly rule that when the pleading and the exhibit contradict each other, the exhibit controls. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "A court may consider exhibits for the purposes of a motion to dismiss when they are submitted with a complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

In considering whether to grant leave to amend a pleading, a district court should consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. ARGUMENTS

Paragraph 7(i) of Hon. Judge Reyes' Standing Order (ECF 12) requires that "[a]ny amended pleading shall be accompanied by a redline comparison between the original and the amended or proposed amended pleading." Defendant did not do so. Also, even though Defendant was generously granted leave by this Court to once again amend its pleadings, Defendant's latest amendments show minimal or no effort to address its futile counterclaims; Defendant has minimally edited the headings of its counterclaims, added Paragraphs 12-15 (ECF 13 at 22) to allege damage in its Counterclaim I, and copied those paragraphs over to its Counterclaim II as paragraphs 27-30. As described below,

Defendant has also entirely ignored basic due diligence of double-checking the allegations for errors before filing them.

The Supreme Court has explained that "Registration is significant. The Lanham Act confers "important legal rights and benefits" on trademark owners who register their marks. 3 McCarthy §19:3, at 19–21 see also *id.,* §19:9, at 19–34 (listing seven of the "procedural and substantive legal advantages" of registration)"; *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1300 (2015). Several jurisdictions also find that a "[US]PTO determination[] carr[ies] a 'strong presumption' of validity and [should] 'not . . . be overturned lightly." *See, Radiator Specialty Co. v. Ladd*, 218 F. Supp. 827, 829 (D.D.C. 1963).

It speaks volumes that the USPTO had issued the PEBBLES® Registrations after a rigorous examination involving several USPTO notices and responses by Plaintiff, supported by numerous evidence (ECF 1 at 33, showing the "Prosecution History" spanning over two years before the registrations were issued), and only after the TTAB's final judgment in U.S. Trademark Cancellation No. 92074420 ordered cancellation of a third-party's conflicting mark. Given that Plaintiff's use-based PEBBLES® Registrations were issued on the Principal Register, that in itself also supports that valid specimens of actual use of the PEBBLES® Mark in commerce were submitted with the underlying applications and found acceptable by the USPTO.

Defendant and its attorneys have accused Plaintiff of being a "sophisticated serial filer of trademark actions" (ECF 9 at 3) while missing the forest for the trees, that as of now Plaintiff's PEBBLES® Registrations are still shown as live and valid on the Principal Register, which demonstrates that Plaintiff has prevailed in all of his previous cases involving the PEBBLES® Mark, whereas **all** respondents of those cases were forced to abandon use of their conflicting marks, and had their conflicting marks cancelled or refused registration.

Defendant has the benefit of a team of alleged trademark attorneys and so early in the case Defendant has also changed its attorney who had filed the Original Answer and the 1ACC. And yet, despite having so many opportunities and attempts, Defendant's latest Counterclaims copied over from a third-party's previously failed allegations, are once again based on bald, unintelligible and conclusory allegations, without any supporting factual allegation. The Counterclaims once again fail to sufficiently

allege a claim on which relief may be granted by the Court.

"In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao,* 508 F.3d 1052, 1059 (D.C.Cir.2007)." *Slate v. Dist. of Columbia*, 79 F. Supp. 3d 225, 231 (D.D.C. 2015). In the 2ACC, "Defendant repeats paragraphs 1 through 210 of its Answer and Affirmative Defenses" (ECF 13 at 20), which reference the Complaint and its attached exhibits, and as such the Court is requested to consider them when reviewing this Motion. *See, Abhe & Svoboda, Inc. v. Chao,* 508 F.3d 1052, 1059 (D.C.Cir.2007).

Plaintiff respectfully moves the Court to dismiss the entirety of the 2ACC with prejudice because Defendant is merely engaged in dilatory tactics and delaying this case with its frivolous Counterclaims which are calculated only to harass Plaintiff. Defendant should not be allowed to keep making piecemeal amendments which repeatedly fail to sufficiently allege a claim. *See Foman.*

### A. COUNTERCLAIM I FOR THE CANCELLATION OF REGISTRATION NO. 6,557,799 AGAIN FAILS TO STATE A CLAIM

In the United States, abandonment can be established upon a showing of three or more years of nonuse coupled with evidence of an intent not to resume use. See 15 U.S.C. § 1127. Three consecutive years of nonuse can be treated as prima facie evidence of abandonment. *Id*. The TTAB and courts also require high standard of proof to cancel a registration for abandonment; nonuse for abandonment purposes has been defined as "no bona fide use of the mark made in the ordinary course of trade." See *Lewis Silkin LLP v. Firebrand LLC, 129 USPQ2d 1015 (TTAB 2018)*.

Defendant's Answer is incorporated by reference in Counterclaim ¶1 (ECF 13 at 20). Defendant has denied that Plaintiff owns the website at batchtest.com (Answer ¶¶ 35-36), and also denied that the content on numerous pages of the website at batchtest.com "appears to show any information related to Plaintiff's business"; see Answer ¶¶ 39-42 and 46-47. Yet, Defendant then cherry picks **one webpage** at "www.batchtest.com/pebbles" which allegedly "discusses downloadable software" and refers to it as "Plaintiff's Website"; see Counterclaim ¶¶ 7-8. Defendant then also makes conclusory allegations that "[u]pon information and belief, Plaintiff's Website lists Pebbles UI under "Products" and not under

"Services" (Counterclaim ¶ 9) while denying that the webpages under that "Services" menu "appears to show any information related to Plaintiff's business." ECF 1 Exhibits 7 and 8 show some (but not all) of those webpages under "Services" section of batchtest.com website, which quite clearly show use of the PEBBLES® Mark.

The Court need not accept inferences drawn by the counter-plaintiff if those inferences are unsupported by facts alleged in the counterclaims, nor must the Court accept counter-plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); a*lso see, Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), 16 F.3d at 1276. It is axiomatic that Defendant's **one** cherry-picked webpage from the "Products" section of a website, which allegedly "discusses a downloadable software," might not also discuss "services" on the same webpage. There is no legal requirement that a trademark owner show public use of his mark on all of his goods and services on a single webpage, let alone having to show that on a single webpage of an accuser's choosing; neither do the Counterclaims allege any such legal requirement. Defendant's allegations, that the cherry-picked one webpage of a website allegedly owned by Plaintiff, is the only page that shows Plaintiff's goods while the rest of the same website does not "show any information related to Plaintiff's business," are unintelligible and inconceivable.

Counterclaim I alleges no factual allegations, which accepted as true, state a plausible claim on which relief may be granted by the Court; Defendant's above referenced allegations are all "[u]pon information and belief," and repeatedly fail to allege sufficient factual allegations such that "intent not to resume maybe inferred from circumstances" by the Court. Further, Defendant has not alleged any facts which support Plaintiff's nonuse of all services recited on the '799 Registration for 3 consecutive years, which if proven as true, would establish prima facie evidence of abandonment. 15 U.S. Code § 1127. Plaintiff also urges the Court to note that the '799 Registration was issued on November 16, 2021 (Counterclaim ¶¶ 4), and as such it was less than 3 years old when the Complaint was filed on August 26, 2024. As such, it seems impossible for Defendant to sufficiently allege abandonment of the PEBBLES® Mark in the '799 Registration due to nonuse for 3 consecutive years.

Defendant's repeated unintelligible and conclusory remarks alleging a claim based on mere denials of the evidence attached to the Complaint, are nothing more than "an unadorned, the-defendant

unlawfully-harmed-me accusation." *See, Twoombly.* Also, the Court may dismiss a claim if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the above reasons, the Court is requested to not allow any further delay tactics by Defendant and dismiss Counterclaim I with prejudice because it is once again far from a well-pleaded claim. *See Iqbal.*

### B. COUNTERCLAIM II FOR THE CANCELLATION OF REGISTRATION NOS. 6,557,799 AND 6,557,978 AGAIN FAILS TO STATE A CLAIM

While Defendant's self-contradicting allegation of facts also continue in its Counterclaim II, as an added bonus Defendant also flip-flops here between the terms "its PEBBLES Registrations" (Counterclaim ¶¶ 17and 27 ), "the PEBBLES Registrations" (Counterclaim ¶¶ 19, 21 and 24-26) and "Defendant's PEBBLES Registrations (Counterclaim ¶¶ 29 and 30), without clearly defining the term "PEBBLES Registrations anywhere in the Counterclaims. Also, Defendant does not allege any facts to support that it owns "Defendant's PEBBLES Registrations" despite repeatedly reciting it in Counterclaim II. Similarly, Counterclaim ¶ 23 (ECF 13 at 24) makes allegations of the "specimens submitted by Defendant in connection with the application of the PEBBLES 42 Registration …" without alleging any supporting facts on when, why and what "specimens" Defendant had submitted to the alleged Plaintiff's or his predecessor's trademark application. The above shows Defendant's complete lack of basic due diligence before filing its thoughtless and frivolous Counterclaims.

Even if the Court were to ignore that Plaintiff is a living individual, and not an "it," Defendant's reference of "its PEBBLES Registrations" is undefined, and does not provide a clear notice of what/which specific registration(s) are being referenced. Despite the heading of Counterclaim II reciting "Registration No. 6,557,799 And Registration No. 6,557,978" (ECF 13 at 23), Defendant has **denied** that those registrations are owned by Plaintiff; see Counterclaim ¶16 and Answer ¶¶24 and 26.

Plaintiff's Complaint ¶ 44 alleges the specimen that was submitted with the underlying application of his '799 Registration and shows the said specimen as Image 1. But "[i]n answering paragraph 44, Defendant denies that this site appears to show any information related to Plaintiff; as to the remaining allegations … denies same"; see Answer ¶ 44. Yet, Counterclaim ¶¶ 20-21 asserts the above-referenced specimen as true while making conclusory remark that "any reference to "Pebbles"

alone relates only to a service to update and synchronize Plaintiff's own product, which does not qualify as a service rendered in commerce," without alleging any facts which support Defendant's such position. It is also unclear what "site" Defendant is referring to, because Complaint ¶ 44 does not allege any "site." Defendant's denial, that the specimen shown in the Complaint Image 1 (ECF 1 at 10) "show[s] any information related to Plaintiff," is also futile for this claim, because the core of this claim in Counterclaim ¶ 21 rests on the assertion that the said specimen was "submitted to the USPTO by Plaintiff"; no other specimen was submitted with the underlying application of the '799 Registration.

Also, Defendant's conclusory allegations that "any reference to "Pebbles" alone relates only to a service to update and synchronize Plaintiff's own product, which does not qualify as a service rendered in commerce", without support of any factual allegation, is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal..* The above-referenced specimen shows the following description of its service targeted for consumers:

> "Updates and synchronizes your Pebbles™ graphics, function modules, UI controls, and indicators. Please ensure that your firewall settings allow TCP port 443 (SSL) on this computer. If this service is stopped or disabled, or if port 443 is blocked on this computer, your Pebbles modules may stop functioning." Complaint ¶ 44 Image 1; ECF 1 at 10.

The above clearly describes an internet-based service similar to many well-known internet based services such as Dropbox, Microsoft OneDrive, Google Drive and iCloud, which update and synchronize files between two remotely connected computers of consumers so that both computers have identical files and information. The Court is requested to note that the '799 Registration lists online services to aid developers in creating their own graphics and software; Complaint ¶ 27; quite naturally, use of the term "your" in the above-quoted description is targeted for those developers who are consumers.

Counterclaim ¶ 25 alleges that "[a]t no time has Plaintiff shown that its PEBBLES Marks were in bona fide use in commerce as of its January 8, 2020 filing date of the in-use trademark application of the PEBBLES Registrations." Even if the Court were to again assume that Defendant refers to the underlying trademark applications of Plaintiff's PEBBLES® Registrations, given that Plaintiff's use-based PEBBLES® Registrations exist, in itself supports that specimens of actual use were timely submitted and **found acceptable** by the USPTO, after which it issued the PEBBLES® Registration.

Additionally, the above allegation merely repeats Defendant's denials in Answer ¶¶ 2, 89-90, 92, 151 and 168, that Plaintiff and his predecessor have continuously used the PEBBLES® Mark in the U.S. commerce since long before any date of first use by Defendant, including any date "since much prior to June 18, 2019" (Complaint ¶ 92 and Answer ¶¶ 92). Quite clearly, Defendant's allegations are mere denials of Plaintiff's factual allegations, and as such, merely duplicative of the matter already in front of this Court.

### There Are No Allegation Against The '978 Registration For Class 9 Goods

Except for its heading, Counterclaim II does not make any specific allegation against the '978 Registration; in fact, Answer ¶ 24, which is incorporated by reference (see Counterclaim ¶ 16; ECF 13 at 23), has denied that Plaintiff owns the '978 Registration. Additionally, while Defendant's Answer and Affirmative Defenses (ECF 13) deny almost all detailed and specific factual allegations in the Complaint, Defendant's own admission in Counterclaim ¶24, that since "[b]efore the filing of Plaintiff's applications of the PEBBLES Registrations, Plaintiff's website listed Pebbles UI under "Our Products" or "Products,"" is futile for this claim because it directly Counterclaim II, that "[a]t no time has Plaintiff shown that its PEBBLES Marks were in bona fide use in commerce as of its January 8, 2020 filing date of the in-use trademark application of the PEBBLES Registrations."

Also, although Counterclaim ¶ 16 alleges that "Defendant repeats paragraphs 1 through 210 of its Answer and Affirmative Defenses and paragraphs 1 through 15 of its Counterclaims as if fully set forth here," nowhere in those allegations Defendant has defined "PEBBLES Registrations" or in any manner referenced any goods recited on the '978 Registration except for its above-referenced admission in Counterclaim ¶ 24; Defendant has only defined "PEBBLES Class 42 Registration" and "Claimed PEBBLES Class 42 Services" (Counterclaim ¶¶ 4-5). Even if the Court were to accept Defendant's allegations as true for the purpose of this Motion, once again Counterclaim II does not sufficiently allege any claim on which relief maybe granted.

For the reasons set forth above, this claim must be dismissed with prejudice, because despite having several opportunities and attempts, Defendant has once again failed entirely in alleging any facts, which accepted as true, state a plausible claim for cancellation of the '978 Registration.

Plaintiff additionally asserts that from whatever can be understood from the Counterclaims, and

as described above, Defendant's allegations are mere denials of the facts alleged with significantly more details in the Complaint, and as such the Counterclaims are duplicative of the matter already in front of this Court. As such, Plaintiff respectfully requests that the Counterclaims should be dismissed with prejudice as duplicative.

## IV. CONCLUSION

As asserted above, all of Defendant's CounterClaims are fatally flawed and destined to fail; Defendant has once again failed to plausibly allege any theory of trademark abandonment. For the foregoing reasons, Plaintiff respectfully requests that this Motion be granted and Defendant's Counterclaims be entirely dismissed with prejudice.

Respectfully submitted,

Dated:  May 27, 2025              /s/ Dinesh Patel

(*Pro Se* Plaintiff)
2118 Walsh Ave, Suite 240, Santa Clara, CA 95050
Email: btcroot@gmail.com
Telephone: (408) 454-8378

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I caused the foregoing document to be served electronically by means of the Court's CM/ECF system, on Defendant's counsel of record:

Eliot S. Markman
Dentons US LLP
Hanley Corporate Tower
101 S. Hanley, Suite 600
St. Louis, MO 63105
Telephone: (314) 241-1800
Facsimile: (314) 259-5959
eliot.markman@dentons.com

(Attorneys for Defendant Georgetown Software House, Inc.)

/s/ Dinesh Patel

2118 Walsh Ave, Suite 240
Santa Clara, CA 95050
Email: btcroot@gmail.com