**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Dinesh Patel | Case No.: 1:24-cv-02535 |
| Plaintiff, | Judge Ana C. Reyes |
| v. | **GEORGETOWN SOFTWARE HOUSE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DINESH PATEL'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS** |
| Georgetown Software House, Inc. | |
| Defendant. | |

# TABLE OF CONTENTS

BACKGROUND ................................................................................................... 1

LEGAL STANDARD .......................................................................................... 3

ARGUMENT ....................................................................................................... 5

    I.      COUNTERCLAIM I INCLUDES SUFFICIENT FACTUAL ALLEGATIONS TO PROPERLY PLEAD ABANDONMENT OF THE PEBBLES CLASS 42 REGISTRATION, AND IS NOT CONTRADICTED BY MR. PATEL'S PLEADINGS. .......................................................... 6

        a.     Georgetown Has Sufficiently Pleaded Its Abandonment Counterclaim..... 6

        b.     Georgetown's Abandonment Counterclaim is Well Pleaded and Supported by Mr. Patel's Exhibits. .......................................................................... 7

    II.     COUNTERCLAIM II INCLUDES SUFFICIENT FACTUAL ALLEGATIONS TO PROPERLY PLEAD LACK OF BONA FIDE USE IN COMMERCE PRIOR TO HIS PEBBLES REGISTRATIONS, AND IS NOT CONTRADICTED BY MR. PATEL'S PLEADINGS. ........ 10

        a.     PEBBLES UI is not the same as PEBBLES. ............................................. 11

        b.     Mr. Patel's Pleadings Do Not Show him Using PEBBLES as a Service In Commerce. ............................................................................................. 12

        c.     Mr. Patel's Only Uses the Term PEBBLES UI for his Class 9 Registration. ............................................................................................................. 14

    III.    GEORGETOWN CONCURRENTLY MOVES TO AMEND ITS PLEADING TO CORRECT SCRIVENER'S ERRORS. ......................................................................... 15

CONCLUSION ................................................................................................... 16

LCVR 7(F) REQUEST FOR IN-PERSON HEARING ............................................. 16

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Paging, Inc. v. American Mobilphone, Inc.*,
  13 U.S.P.Q.2d 2036 (T.T.A.B. 1989), *aff'd, unpublished op*, 923 F.2d 869, 17
  U.S.P.Q.2d 1726 (Fed. Cir. 1990) ........................................................................................11

*Aycock Eng'g, Inc. v. Airflite, Inc.*,
  560 F.3d 1350 (Fed. Cir. 2009) .......................................................................................4, 10

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
  135 S. Ct. 1293 (2015) ...........................................................................................................5

*Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*,
  148 F.3d 1080 (D.C. Cir. 1998) ...........................................................................................15

*Durning v. First Bos. Corp.*,
  815 F.2d 1265 (9th Cir. 1987) ...............................................................................................5

*Fla. Virtual Sch. v. K12, Inc.*,
  674 F. Supp. 3d 1127 (M.D. Fla. 2023) .................................................................................3

*Foman v. Davis*,
  371 U.S. 178 (1962) ..............................................................................................................16

*In re Guitar Straps Online, LLC*,
  103 U.S.P.Q.2d 1745, 2012 WL 3561627 (T.T.A.B. 2012) .................................................12

*Hurd v. District of Columbia, Gov't*,
  864 F.3d 671 (D.C. Cir. 2017) ...................................................................................3, 4, 8, 14

*In re Lenox, Inc.*,
  228 USPQ 966 (TTAB 1986) ...............................................................................................13

*Lens.com, Inc. v. 1-800 Contacts, Inc.*,
  686 F.3d 1376 (Fed. Cir. 2012) ..............................................................................................7

*Lewis Silkin LLP v. Firebrand LLC*,
  Can. No. 9206737, 2018 WL 6923002, at *4 (T.T.A.B. 2018) ....................................4, 6, 10

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ....................................................................................................4, 5, 6, 7

*In re Orion Research Inc.*,
   669 F.2d 689, 205 USPQ 688 (C.C.P.A. 1980) ....................................................................13

*Radiator Specialty Co. v. Ladd*,
   218 F. Supp. 827 (D.D.C. 1963) .........................................................................................5

*Sec. USA Servs., LLC v. Invariant Corp.*,
   606 F. Supp. 3d 1100 (D.N.M. 2022) ................................................................................10

*Underwood v. Bank of Am. Corp.*,
   996 F.3d 1038 (10th Cir. 2021) .......................................................................................4, 5

*In re Yale Sportswear Corporation*,
   88 U.S.P.Q.2d 1121, 2008 WL 2675684 (T.T.A.B. 2008) .................................................12

**Statutes**

15 U.S.C. § 1127 .................................................................................................................4, 9, 10

Trademark Act § 1(a) ..................................................................................................................1

**Rules**

Fed. R. Civ. P. 8(b)(5) ................................................................................................................5

Fed. R. Civ. P. 8(d)(2) .............................................................................................................4, 5

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................3

Plaintiff Dinesh Patel's ("Mr. Patel's") Motion to Dismiss Georgetown Software House, Inc.'s ("Georgetown's") Counterclaims must be denied.  A motion to dismiss is not a comparison of which side's pleadings are more fulsome; instead, it is a question of whether the nonmoving party has alleged sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Here, contrary to Mr. Patel's representations, Georgetown's Counterclaims are more than sufficiently supported to move to discovery.  In fact, Georgetown's allegations are supported—not contradicted—by the materials supplied by Mr. Patel in his Complaint.  Georgetown's Counterclaims must be allowed to move to discovery.

## BACKGROUND

BatchTest Corporation ("BatchTest") filed two trademark applications ("PEBBLES Applications") on January 8, 2020, based on use in commerce, resulting in the following registrations: Registration No. 6,557,799 in Class 42 services in non-downloadable software ("PEBBLES Class 42 Registration") and Registration No. 6,557,978 in Class 9 goods in downloadable software ("PEBBLES Class 9 Registration") (the PEBBLES Class 42 Registration and the PEBBLES Class 9 Registration, collectively, the "PEBBLES Registrations").  ECF No. 1 at ¶¶ 25, 27; ECF No. 13 at 3-4, ¶¶ 25-27; 23, ¶ 19.

When BatchTest filed the PEBBLES Applications, asserting prior use in commerce under Trademark Act § 1(a), it declared the mark was already used in commerce for the goods or services specified in the application prior to filing.  *Id*. at 23, ¶ 17.  Yet BatchTest was not using the PEBBLES Marks on January 8, 2020.  *Id*. at 23, ¶ 19.  Rather, BatchTest was only using the term PEBBLES UI at the time of the PEBBLES Registrations.  *Id*. at 23, ¶ 20.  Indeed, the specimens BatchTest submitted with the PEBBLES Registrations show use of only the mark PEBBLES UI

1

or, where the specimens refer to "Pebbles" alone, it is in the context of a service to update and synchronize BatchTest's own product, which does not qualify as a service rendered in commerce. *Id*. at 23, ¶ 21.

At the time of filing his complaint in the present matter, the PEBBLES Registrations had been assigned to Mr. Patel. *Id*. at 3, ¶ 22. Mr. Patel controlled a website, http://www.batchtest.com/pebbles, which is affiliated with his claimed PEBBLES mark. *Id*. at 21, ¶ 7. Though Mr. Patel's website discusses downloadable software, it does not "reflect or show use of the mark of the PEBBLES Class 42 Registration in connection with the Claimed PEBBLES Class 42 Services[,]" *id*. at 22, ¶ 8, i.e., the website does not reflect Mr. Patel's use of Pebbles as a service. *Id*. at 22, ¶ 9. Outside of the website, Mr. Patel has discontinued using the PEBBLES Class 42 Services (if he ever used it) mark and intends not to continue using the mark. *Id*. at 22, ¶ 10. In other words, Mr. Patel has abandoned his PEBBLES Class 42 Services mark (if he ever used it). *Id*. at 22, ¶ 11.

On August 26, 2024, Mr. Patel sued Georgetown and alleged that Georgetown had infringed the PEBBLES Registrations, ECF. No. 1 at 1, 21-29, even though the PEBBLES Registrations are not valid and should be cancelled. ECF. No. 13 at 20-24. Because of Mr. Patel's action based on the invalid PEBBLES Registrations, Georgetown has incurred the lawsuit, attorneys' fees, costs, and the reasonable apprehension of additional injury. *Id*. 22, ¶ 13; 24, ¶ 28.

Georgetown then filed Counterclaims on December 26, 2024. ECF No. 6. Mr. Patel filed a Pre-Motion Notice to dismiss certain affirmative defenses and counterclaims on January 16, 2025, ECF No. 6, after which Georgetown agreed to dismiss certain affirmative defenses and a counterclaim to address Mr. Patel concerns, ECF No. 9 at 1, and potentially move the present

matter forward without additional intervention by the Court. Following and at the Pre-Motion Conference held by the Court on April 30, 2025,[1] the Court did not permit Mr. Patel to file a motion to dismiss Georgetown's remaining affirmative defenses, struck the affirmative defenses and counterclaims Georgetown agreed to dismiss, permitted Georgetown to amend its Counterclaims, and permitted Mr. Patel to thereafter file a motion to dismiss Georgetown's Counterclaims after Georgetown replead. Apr. 30, 2025, Minute Order.[2]

## **LEGAL STANDARD**

"To survive a motion to dismiss, a [counterclaim][3] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hurd v. District of Columbia, Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (internal citations and quotation marks omitted). "A [counter]claim crosses from conceivable to plausible when it contains factual allegations that, if proved, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations and quotation marks omitted). "The court must "accept all the well-pleaded factual allegations of the [counterclaim] as true and draw all reasonable

---

[1] Mr. Patel said at the Pre-Motion Conference and in his Motion to Dismiss that he has successfully litigated all cases against him on his trademarks. Exhibit A, Pre-Motion Conference Tr. at 8:18-20; ECF No. 15 at 4. And Mr. Patel said he had no other pending cases at the Pre-Motion Conference. Ex. A at 8:22-24 ("No, they all have been final judgment in my favor if you go and double check it. Your case is the only one which is pending."). Yet Mr. Patel has settled all his closed cases regarding his trademarks before they reached the merits. In other words, none of Mr. Patel's previous cases reached the merits of his PEBBLES Registrations. And Mr. Patel has a very active case in Nevada—which was pending at the time of the Pre-Motion Conference—wherein counterclaimants also seek cancellation of Mr. Patel's trademarks. Exhibit B, *Patel v. Pal USA, Inc.*, No. 2:24-cv-00536 (D. Nev. docket sheet, accessed Jun. 10, 2025), https://pacer.uscourts.gov. Thus, Mr. Patel misled this Court when he said all his cases have been litigated to final judgment and that he had no other cases pending.

[2] The Court's April 30, 2025, Minute Order does not reflect the Court's instruction at the Pre-Motion Conference that Mr. Patel is not permitted to file a motion to dismiss Georgetown's remaining affirmative defenses. Ex. A at 3:10-15. Mr. Patel does not move to dismiss Georgetown's remaining affirmative defenses in his Motion to Dismiss. ECF No. 15.

[3] "A motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Fla. Virtual Sch. v. K12, Inc.*, 674 F. Supp. 3d 1127, 1133 (M.D. Fla. 2023) (citations omitted).

inferences from those allegations in the plaintiff's favor."  *Id*. (internal citations and quotation marks omitted).  A party may plead a counterclaim in the alternative.  Fed. R. Civ. P. 8(d)(2).

For an abandonment counterclaim, "a pleading of nonuse plus intent not to resume is sufficient to plead abandonment . . . ."  *Lewis Silkin LLP v. Firebrand LLC*, Can. No. 9206737, 2018 WL 6923002, at *4 (T.T.A.B. 2018)[4] (citing *Imperial Tobacco Ltd. v. Philip Morris Inc.*, 899 F.2d 1575, 14 USPQ2d 1390, 1393 (Fed. Cir. 1990); *Vitaline Corp. v. Gen. Mills, Inc.*, 891 F.2d 273, 13 USPQ2d 1172, 1174 (Fed. Cir. 1989)); *see also* 15 U.S.C. § 1127 ("A mark shall be deemed to be 'abandoned' if . . . its use has been discontinued with intent not to resume such use.").  For the intent element of abandonment, it is enough to allege intent generally because the abandonment [counter]claim does not involve fraud or mistake.  *Lewis Silkin LLP*, 2018 WL 6923002, at *5 n. 7 (citing Fed. R. Civ. P. 9(b)).

Furthermore, valid grounds for canceling a registration based on use in commerce include the registrant's failure to actually use the mark in commerce prior to filing such application.  *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009).   In sustaining a counterclaim in response to an infringement demand, it is enough to point to even the demand for payment of a claim to establish damages.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 130-31 (2007); *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1051 (10th Cir. 2021) ("[B]eing sued for infringement is sufficient to support standing for a counterclaim for [trademark] cancellation." (internal citation and quotation marks omitted)).

---

[4] Mr. Patel cites *Lewis Silkin LLP* in his Motion to Dismiss.  ECF No. 15 at 7.

## **ARGUMENT**

Georgetown has pleaded more than enough factual allegations to survive a motion to dismiss. Not only does Georgetown have standing to bring its Counterclaims because "being sued for infringement is sufficient to support standing for a counterclaim for [trademark] cancellation" (*Underwood*, 996 F.3d 1038 at 1051);[5] and not only are many of Mr. Patel's points clearly based on scrivener's errors addressed separately in Georgetown's motion to amend;[6] but the pleadings and the exhibits thereto—including facts and exhibits in Mr. Patel's own pleading—are more than sufficient to support Georgetown's Counterclaims, and do not contradict them.[7]

---

[5] Here, Georgetown has adequately pleaded that it has suffered injury due to Mr. Patel's lawsuit, and that Mr. Patel simply has not used his PEBBLES Marks in commerce prior to registration. Being sued for infringement—or even the reasonable apprehension of being sued for infringement—is enough to show damages. *MedImmune, Inc.*, 549 U.S. at 130-31; *Underwood*, 996 F.3d 1038 at 1051. Georgetown has alleged this infringement suit has caused it real damages. ECF No. 13 at 24, ¶ 28 ("The current action has also caused Georgetown to incur attorneys' fees and costs and the reasonable apprehension that [Mr. Patel's] suit could result in additional injury.").

[6] Many of Mr. Patel's arguments are not proper for a motion to dismiss. *See, e.g.*, ECF No. 15 at 4 (arguing for presumption of trademark validity and citing case that reviewed a jury verdict, *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302 (2015) and a case that included findings of fact, *Radiator Specialty Co. v. Ladd*, 218 F. Supp. 827, 829 (D.D.C. 1963)); ECF No. 15 at 6, 8 (making arguments regarding certain portions of his alleged website and citing to portions of the Complaint that Georgetown has not admitted, *see* ECF No. 13 at 5-6, ¶¶ 40, 42, 44); ECF No. 15 at 9 (arguing that Georgetown's allegations of facts contradict each other despite the fact that alternative pleadings are permitted, Fed. R. Civ. P. 8(d)(2)); ECF No. 15 at 5 (arguing courts will rule that an exhibit will control over a contradictory pleading and misquoting a case that merely says documents attached to a complaint may be considered in determining whether plaintiff can prove facts in support of a claim, *Durning v. First Bos. Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)); ECF No. 15 at 9 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) which has been "retire[d]" by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)). Georgetown's pleadings are sufficient under federal trademark law and state counterclaims upon which relief can be granted.

[7] Furthermore, Mr. Patel, in arguing against all of Georgetown's Counterclaims, points to various Georgetown's Answer denials of complaint allegations regarding Mr. Patel as somehow dispositive of something. Yet Georgetown, like all parties, is allowed to plead in the alternative (Fed. R. Civ. P. 8(d)(2)), and is also allowed to deny allegations when it lacks knowledge regarding some. Fed. R. Civ. P. 8(b)(5). That is what Georgetown has done here. Therefore, Georgetown's various Answer denials, as cited by Mr. Patel in relation to both of Georgetown's Counterclaims, are irrelevant for purposes of Mr. Patel's Motion.

I.    **Counterclaim I Includes Sufficient Factual Allegations to Properly Plead Abandonment of the PEBBLES Class 42 Registration, and is Not Contradicted by Mr. Patel's Pleadings.**

a.    *Georgetown Has Sufficiently Pleaded Its Abandonment Counterclaim.*

The pleading standard for abandonment under trademark law is not onerous.  To state a claim for abandonment, a counterclaimant need only allege "nonuse plus intent not to resume . . . ." *Lewis Silkin LLP*, 2018 WL 6923002, at *4.  Georgetown has alleged these elements and plausible factual allegations.  Georgetown alleges that Mr. Patel is not using his PEBBLES Class 42 Registration in commerce, ECF No. 13 at 21, ¶ 6, and that, while Mr. Patel has a Pebbles website, it discusses downloadable software which is not "services" that is the purpose of the PEBBLES Class 42 Registration. ECF No. 13 at 21-22, ¶¶ 7-9.

Further, Georgetown has alleged generally the second element of its abandonment counterclaim: that Mr. Patel does not intend to resume his PEBBLES Class 42 Registration in commerce.  *Id*. at 22, ¶ 11.  Georgetown's general allegation of intent is sufficient.  *Lewis Silkin LLP*, 2018 WL 6923002, at *5 n. 7 (citing Federal Rule of Civil Procedure 9(b)).  Contrary to Mr. Patel's argument, ECF No. 15 at 6 (using quotation marks without citation), Georgetown need not allege additional allegations of intent to survive Mr. Patel's Motion to Dismiss.

Additionally, there can be no doubt—now that Georgetown has amended its Counterclaims—that Georgetown has alleged damages under its abandonment counterclaim.  ECF No. 13 at 22, ¶ 11 ("The current action has also caused Defendant to incur attorneys' fees and costs and the reasonable apprehension that Plaintiff's suit could result in additional injury.").  Even the apprehension of a lawsuit—let alone an actual lawsuit—from the purported holder of intellectual property is enough to allege damages for purposes of standing.  *MedImmune, Inc.*, 549 U.S. at 130-

31.  Here, Georgetown has incurred a full-blown lawsuit.  Mr. Patel's Pre-Motion Notice argued that Georgetown had not met the pleading requirement because it had not alleged damages.  ECF No. 7 at 2.  Mr. Patel does not re-raise this concern after Georgetown amended its pleadings, nor could he because Georgetown's incursion of a lawsuit is sufficient damages under *MedImmune, Inc.*  Following amendment, Georgetown has pleaded sufficient facts for its abandonment counterclaim to survive Mr. Patel's Motion to Dismiss.

b.    *Georgetown's Abandonment Counterclaim is Well Pleaded and Supported by Mr. Patel's Exhibits.*

Though not Georgetown's burden to reconcile its allegations with Mr. Patel's exhibits that Georgetown does not admit, Georgetown's Counterclaims are not contradicted by the pleading materials submitted by Mr. Patel.

First, Mr. Patel claims that Georgetown's allegation as follows is conclusory: "Upon information and belief, [Mr. Patel's] Website discusses downloadable software, and does not reflect or show use of the mark of the PEBBLES Class 42 Registration in connection with the Claimed PEBBLES Class 42 Services."[8]  Yet this allegation is not conclusory.  Georgetown alleges upon information and belief that Mr. Patel controls the content of the specific website, which Georgetown defines as www.batchtest.com/pebbles, and which Georgetown alleges is affiliated with Mr. Patel's claimed PEBBLES mark.  ECF No. 13 at 21-22, ¶¶ 7-8.  The citation of a specific website whose content is, upon information and belief, controlled by Mr. Patel and affiliated with the PEBBLES mark at issue, and a specific allegation that such website discusses

---

[8] The fact that Georgetown has alleged that Mr. Patel is not using his PEBBLES Class 42 Registration for the services claimed in that registration is significant because a trademark registration may be cancelled if it is not used for the goods or services claimed in the registration.  *See Lens.com, Inc. v. 1-800 Contacts, Inc.*, 686 F.3d 1376, 1382-83 (Fed. Cir. 2012) (granting cancellation based on abandonment of a registered mark for software for online sale of contact lenses; registrant only sells and promotes lenses, not software).

downloadable software only, is more than sufficient to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," that Mr. Patel does not provide his claimed Class 42 non-downloadable software services, as opposed to his claimed Class 9 downloadable software goods.  *Hurd*, 864 F.3d at 678.

Mr. Patel then incorrectly claims that the Exhibits 7 and 8 to Mr. Patel's Complaint contradict Georgetown's allegations, when they do not.[9]  In this regard, Exhibit 7 to Mr. Patel's Complaint, although showing a heading of "Product Design & Development Engineering Services," does not classify Mr. Patel's alleged PEBBLES mark as being used in relation to a service.  Instead, that exhibit states, in its only mention of the alleged PEBBLES mark, "Leverage our extensive experience in developing intuitive Pebbles® Human-Machine Interfaces . . . ."  ECF No. 1 at 92.  At most, this is stating that Mr. Patel and/or BatchTest will leverage his/its prior experience in developing his/its own existing PEBBLES software interface goods, to provide a separate service creating non-PEBBLES-branded interfaces for clients.  Such interface creation services, if provided at all, are therefore not shown in this exhibit to be provided in connection with the mark PEBBLES.

And Mr. Patel's Exhibit 8 likewise does not show the mark PEBBLES in use in connection with services.  The only mention to PEBBLES in Exhibit 8 is to PEBBLES UI (not PEBBLES) and states that "Batch Test is the maker of Pebbles UI for LabVIEW, an add-on toolkit that significantly enhances graphical feel of LabVIEW user interfaces."  ECF No. 1 at 98.  First, this statement does not mention the mark PEBBLES, but rather the mark PEBBLES UI, which—as

---

[9] These exhibits are unadmitted, as in Georgetown did not admit their authenticity in its answers.  ECF No. 13 at 5-6, ¶¶ 40, 42-44.

discussed in more detail below—are not the same under trademark law.  Second, this statement does not say that PEBBLES UI involves any non-downloadable service.  If anything, Exhibit 8 actually shows the opposite, in that Exhibit 8 calls PEBBLES UI "an add-on toolkit," which would rightly be considered a software good, not a software service.

Therefore, Mr. Patel's Complaint Exhibits 7 and 8 do not contradict that Mr. Patel's PEBBLES mark is only sold as a downloadable software good of trademark Class 9, and is not provided as a non-downloadable software service of trademark Class 42.  Georgetown's citation to a specific website apparently controlled by Mr. Patel that does not list PEBBLES as a service is more than enough to state a claim plausible on its face.  If Mr. Patel has facts to rebut this allegation (which Georgetown believes Mr. Patel does not), then Mr. Patel can provide such documentation in discovery—which is the reason why this Motion to Dismiss must be denied, so that the facts can come forth in discovery.

And finally, Mr. Patel argues that because the '799 Registration (which is the PEBBLES Class 42 Registration) was not three years old when the Complaint was filed,[10] Georgetown cannot sufficiently allege abandonment.  Mr. Patel is wrong.  Mr. Patel correctly states that nonuse of services for three consecutive years can establish prima facie evidence of abandonment.  15 U.S.C. § 1127.  Yet this is not the only way to establish a prima facie case of abandonment, and, most importantly, a prima facie case of abandonment is not required at the pleading stage.  Instead, "a pleading of nonuse plus intent not to resume is sufficient to plead abandonment, and . . . the

---

[10] Though three years had not passed between the time of his PEBBLES Class 42 Registration and the Complaint, the relevant period is the time between the PEBBLES Class 42 Registration and the Counterclaim because the Counterclaim is what alleges abandonment.  Georgetown filed its first Counterclaims on December 26, 2025.  ECF No. 6.  December 26, 2025, is over three years after PEBBLES Class 42 Registration of November 16, 2021.  ECF. No. 1 at ¶ 19.

statutory reference to 'prima facie evidence of abandonment' creates a presumption intended to facilitate proof of intent at trial." *Lewis Silkin LLP*, 2018 WL 6923002, at *4.  Georgetown need not show three years of non-use.  Furthermore, Georgetown cannot be expected to have proof of Mr. Patel's relevant intent at the pleading stage.  This is the purpose of discovery, to obtain documents from Mr. Patel that would signal such intent or lack thereof.  Therefore, Georgetown needs discovery on this point in order to understand Mr. Patel's intent in this regard, and the Motion to Dismiss must be denied.

Georgetown has pleaded sufficient facts for its Counterclaim I to survive Mr. Patel's Motion to Dismiss.  Not only do these facts meet the pleading standard, they are supported and not contradicted by Mr. Patel's own Complaint exhibits and materials.

## II.    Counterclaim II Includes Sufficient Factual Allegations to Properly Plead Lack of Bona Fide[11] Use in Commerce Prior to His PEBBLES Registrations, and Is Not Contradicted by Mr. Patel's Pleadings.

"A party seeking cancellation of a trademark registration 'must prove two elements: (1) that it has standing; and (2) that there are valid grounds for canceling the registration.'" *Sec. USA Servs., LLC v. Invariant Corp.*, 606 F. Supp. 3d 1100, 1105 (D.N.M. 2022) (*quoting Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000)).  A registrant's failure to actually use a mark in commerce prior to filing its in-use application is grounds for cancellation of the registration.  *Aycock Eng'g, Inc.*, 560 F.3d at 1357.  Georgetown has sufficiently stated a claim to relief that is plausible, on its face, that Mr. Patel was not using the marks of the PEBBLES

---

[11] Under trademark law, "[t]he term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127.  In Counterclaim II, Georgetown has alleged Mr. Patel had no use in commerce whatsoever though Mr. Patel will have the additional burden of proving that he did not merely use the mark in order to reserve a right to the mark.

Registrations in commerce prior to filing his in-use applications, and Mr. Patel has not contradicted these allegations.[12]

    *a.   PEBBLES UI is not the same as PEBBLES.*

Mr. Patel is wrong when he claims in his motion that Georgetown's Counterclaim II is conclusory or unclear. In its Counterclaim II, Georgetown alleges that Mr. Patel was making use of the term PEBBLES UI—not PEBBLES—at the time of filing the PEBBLES Registrations. ECF No. 13 at 23, ¶ 20. Georgetown then alleges that specimens submitted to the USPTO by Mr. Patel in connection with the applications of the PEBBLES Registrations show use of the mark PEBBLES UI, and any reference to "Pebbles" alone relates only to a service to update and synchronize Mr. Patel's own product, which does not qualify as a service rendered in commerce. *Id.* at ¶ 21. Furthermore, in support of its claim that Mr. Patel did not make use of the mark of PEBBLES Class 42 Registration in connection with the claimed services prior to filing the application for same, Georgetown alleges that before the filing of Mr. Patel's applications of the PEBBLES Registrations, Mr. Patel's website listed Pebbles UI under "Our Products" or "Products" and not under "Our Services" or "Services." *Id.* at 24, ¶ 24.

Mr. Patel argues that this allegation has no factual support. Yet it does. First, the allegation itself is sufficiently specific and cites to facts. In the allegation, Georgetown cites to Mr. Patel's specific specimens submitted in connection with the PEBBLES Registration, and states that those show use of the mark PEBBLES UI, not the applied-for mark PEBBLES. *Id.* These two marks— PEBBLES UI and PEBBLES—are not the same for these purposes. *See, e.g.*, *American Paging,*

---

[12] As addressed separately and above, Georgetown is allowed to plead in the alternative, and is separately entitled to correct obvious scrivener's errors. Georgetown therefore does not address Mr. Patel's arguments in these regards here.

*Inc. v. American Mobilphone, Inc.,* 13 U.S.P.Q.2d 2036 (T.T.A.B. 1989), *aff'd, unpublished op*, 923 F.2d 869, 17 U.S.P.Q.2d 1726 (Fed. Cir. 1990) (holding that a company's use of the mark AMERICAN MOBILPHONE with a star and stripe design and its use of the mark AMERICAN MOBILPHONE PAGING with an identical star and stripe design had "different commercial impressions and hence are not legally identical", such that rights in one could not be tacked on to the other); *In re Yale Sportswear Corporation,* 88 U.S.P.Q.2d 1121, 2008 WL 2675684 (T.T.A.B. 2008) (holding that a drawing of the mark UPPER 90 for clothing was not a substantially exact representation of mark as used, because the specimen showed the mark as UPPER 90°, and therefore refusing same); *In re Guitar Straps Online, LLC,* 103 U.S.P.Q.2d 1745, 2012 WL 3561627 (T.T.A.B. 2012) (holding that a drawing of the mark GOT STRAPS for musical instrument straps was not a substantially exact representation of the mark as used in the specimen with a question mark punctuation: GOT STRAPS?, and therefore refusing same);.

      b.    *Mr. Patel's Pleadings Do Not Show him Using PEBBLES as a Service In Commerce.*

Furthermore, Georgetown's allegation that "any reference [in Mr. Patel's specimens] to 'Pebbles' alone relates only to a service to update and synchronize [Mr. Patel's] own product, which does not qualify as a service rendered in commerce" is also itself sufficiently factual to state a claim for relief that is plausible on its face. ECF No. 13 at 23, ¶ 21. Not only that, this claim is supported by Mr. Patel's own Complaint.

In paragraph 44 of his Complaint, Mr. Patel includes in the paragraph itself a copy of the specimen that was filed under the trademark application which matured into Mr. Patel's '799 Registration (the PEBBLES Class 42 Registration). ECF No. 1 at ¶ 44. That copy of the specimen itself, as reproduced in the Complaint and also repeated by Mr. Patel in his motion, states that

"Pebbles™ Service" "[u]pdates and synchronizes your Pebbles™ graphics, function modules, UI controls, and indicators."  In his Motion to Dismiss, Mr. Patel asks the Court to make the conjectural leap to interpret this as referring to updating and synchronizing files between two consumer computers; but this is not apparent from the specimen itself.  Instead, that specimen only states that the "Pebbles™ Service" "[u]pdates and synchronizes *your* Pebbles™ graphics, function modules, UI controls, and indicators."  There is no reference in the specimen to updating and synchronizing two consumer's computers so that both computers have identical files and information.  (And even if there were, it is not clear that this would be a service rendered in commerce at any rate, as the service would apparently still relate only to updating and synchronizing Mr. Patel's own product).  Instead, this specimen more reasonably refers to a service to update and synchronize Mr. Patel's own product,[13] and the updating and synchronizing of one's own product do not qualify as separately registrable services rendered in commerce, and are instead ancillary and unregistrable services.  This situation is similar to the situation of repair of goods, in which the service of repairing one's sold goods is not a separately registrable service.  *In re Orion Research Inc.*, 669 F.2d 689, 205 USPQ 688 (C.C.P.A. 1980) (guarantee of repair or replacement of applicant's goods that is not separately offered, promoted, or charged for is not a service); *In re Lenox, Inc.*, 228 USPQ 966 (TTAB 1986) (lifetime warranty that is not separately offered, promoted, or charged for is not a service).

---

[13] If Mr. Patel has any evidence disputing this interpretation, he can provide evidence regarding same through discovery—which is another reason why the parties at least need discovery on this issue, and the current Motion to Dismiss must be denied.

        *c.      Mr. Patel's Only Uses the Term PEBBLES UI for his Class 9 Registration.*

And finally, Mr. Patel is wrong when he claims that there is no allegation against the '978 Registration (which is the PEBBLES Class 9 Registration).  Georgetown again notes that it is permitted to make arguments in the alternative.  And Georgetown also notes that Mr. Patel appears to conflate PEBBLES UI with PEBBLES, when those are not the same mark.  In this regard, Mr. Patel points to Georgetown's allegation that "[b]efore the filing of [Mr. Patel's] applications of the PEBBLES Registrations, [Mr. Patel's] website listed Pebbles UI under "Our Products" or "Products."  ECF No. 13 at 24, ¶ 24.  Mr. Patel claims that discussion of the mark PEBBLES UI is an admission that Mr. Patel did use the mark PEBBLES before the filing of such applications.  Yet this is not such an admission.  One of Georgetown's main arguments on this point, which Mr. Patel seems to obfuscate, is precisely that any alleged use of the mark PEBBLES UI does not qualify as use of the mark PEBBLES.  As shown in the cases set forth above in this regard, these two marks are not the same for these purposes.

Georgetown's allegation against the PEBBLES Class 9 Registration is precisely that the mark of that registration was not in use at the time of the application of that registration, because it appears that the mark PEBBLES UI was in use instead.

Georgetown has pleaded facts sufficient to allege that Mr. Patel had no bone fide prior use of the marks of the PEBBLES Registrations prior to the filing of the applications in those registrations.  Not only do these facts meet the pleading standard, they are supported and not contradicted by Mr. Patel's own Complaint exhibits and materials.  Taken separately or together, Georgetown's allegations and Mr. Patel's Complaint include more than sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Hurd*, 864 F.3d at 678.

### III. Georgetown Concurrently Moves to Amend Its Pleading to Correct Scrivener's Errors.

Even with scrivener's errors I made in amending the first to the second amended counterclaims, the Counterclaims are nonetheless sufficient. *See* Note 6, *supra*; ECF No. 13 at 22, ¶ 13; 24, ¶ 28 (alleging damages caused by Mr. Patel's lawsuit despite errors in references to Georgetown rather than Mr. Patel in paragraphs 14, 15, 29, and 30); *id.* at 25 (requesting relief despite errors in paragraphs 15 and 30).

I further thank Mr. Patel for raising my failure to include redline PDFs with Georgetown's amended pleadings. ECF No. 15 at 5 (citing ECF No. 12 at 5, ¶ 7(i)). A redlined comparison of that shows changes between the amended and second amended counterclaims is attached hereto as Exhibit C. This redlined comparison will be served concurrently with a motion to amend the pleadings again to correct scrivener's errors I made. These amendments will include three minor changes:

- Revising the title of the pleading from "SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES , AND COUNTERCLAIMS" to THIRD AMENDED ANSWER, AFFIRMATIVE DEFENSES , AND COUNTERCLAIMS";
- Revising paragraph 17 of Counterclaim II to define "PEBBLES Registrations"; and
- Correcting references to "Defendant's" to "Plaintiff's" in paragraphs 14, 15, 23, 29, and 30 of Counterclaims I and II.

These minor mistakes, however, do not change the substance of the pleadings and certainly do not warrant dismissal, especially here where there is no bad faith on the part of Georgetown, the case is early in the pleadings, and there is no prejudice to Mr. Patel in permitting Georgetown to correct its non-substantive drafting errors. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless*

*P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing appellate court's dismissal of appeal of trial court's failure to permit amendment).[14]

## CONCLUSION

For the foregoing reasons, Defendant Georgetown Software House, Inc. respectfully requests that this Court deny Plaintiff Dinesh Patel's Motion to Dismiss.

## LCVR 7(F) REQUEST FOR IN-PERSON HEARING

Pursuant to LCvR 7(f) and the Court's Standing Order, ECF No. 12 at 3, ¶ 6(d), Georgetown respectfully requests an in-person oral hearing on the Motion to Dismiss.  I, Eliot S. Markman, am a less experienced, non-partner associate attorney.  I have never argued a motion to dismiss in federal court.  I have only been a member of the bar of the U.S. District Court for the District of Columbia since January of this year and the bar of the District of Columbia since February 18, 2022.  I graduated law school in December 2018 and became a member of the bar of Missouri in April 2019.  I played a substantial role in drafting the present Memorandum of Points and Authorities.  The opportunity to represent my client, Georgetown, at an in-person hearing would afford me the opportunity to gain "courtroom experience" superior to the experience of a video conference hearing.  *Id*.

---

[14] Mr. Patel cites *Forman* in his Motion to Dismiss.

Dated: June 10, 2025                    DENTONS US LLP

                                        By:  */s/ Eliot S. Markman*
                                        Eliot S. Markman (D.C. Bar No. 1743128)
                                        Dentons US LLP
                                        Hanley Corporate Tower
                                        101 S. Hanley, Suite 600
                                        St. Louis, MO 63105
                                        Telephone: (314) 241-1800
                                        Facsimile: (314) 259-5959
                                        eliot.markman@dentons.com

                                        *Attorney for Defendant Georgetown*
                                        *Software House, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June 2025, I served a copy of the foregoing upon the following via electronic mail and first class, U.S. mail, postage pre-paid to the following:

Dinesh Patel
2118 Walsh Ave., Suite 240
Santa Clara, CA 95050
btcroot@gmail.com

Edward T. Colbert (D.C. Bar No. 206425)
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 662-3010
Facsimile: (202) 778-2201
ecolbert@hunton.com

Kate Pauling (*pro hac vice forthcoming*)
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 662-2783
kpauling@hunton.com

                                        */s/ Eliot S. Markman*

17