# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT
                         DISTRICT OF COLUMBIA
 2

 3   DINESH PATEL,                    ) CIVIL NO.:
                                      ) 24-2535-ACR
 4           Plaintiff,               )
         vs.                          )
 5                                    )
     GEORGETOWN SOFTWARE HOUSE,       )
 6   INC.,                            ) April 30, 2025
             Defendant.               ) Washington, D.C.
 7   _____  ) 3:00 p.m.

 8
                 Transcript of Zoom Pre-motion Conference
 9                  Before the Honorable Ana C. Reyes
                      United States District Judge
10

11

12   APPEARANCES:

13   For the Plaintiff:   Dinesh Patel, Pro se

14

15   For the Defendant:   Eliot S. Markman, Esquire
                          Dentons US LLP
16                        Hanley Corporate Tower
                          101 S. Hanley
17                        Suite 600
                          St Louis, MO 63105
18

19

20

21   Reported by:    Christine T. Asif, RPR, FCRR
                     Federal Official Court Reporter
22                   333 Constitution Avenue, NW
                     Washington, D.C. 20001
23                   (202) 354-3247

24
     Proceedings recorded by machine shorthand; transcript produced
25   by computer-aided transcription
```

```
                      P R O C E E D I N G S
1
2              THE CLERK:  Your Honor, this is civil action
3    24-2535, Dinesh Patel versus Georgetown Software House, Inc.
4              Will the parties please identify themselves for the
5    record, starting with the plaintiff.
6              MR. PATEL:  Good afternoon, Your Honor.  This is
7    Dinesh Patel.  I'm the plaintiff in the case.
8              THE COURT:  Hello, Mr. Patel.
9              MR. MARKMAN:  My name is Eliot Markman from Dentons
10   US LLP.  I'm counsel for Georgetown Software House
11   Incorporated.
12             THE COURT:  All right.  Good afternoon, sir.  All
13   right.  So we have a complaint for trademark infringement and
14   other things, which was answered with affirmative defenses.
15   And then a counterclaim.  And then we have, Mr. Patel, you
16   wish to file a motion to dismiss the counterclaim; right?
17             MR. PATEL:  Yes, Your Honor.  And a motion to strike
18   with it.
19             THE COURT:  Yeah.  Okay.  And then, Mr. Markman,
20   you're okay as I understand it with getting with deleting some
21   of the affirmative defenses.
22             MR. MARKMAN:  Yes, Your Honor one of the affirm --
23   yes, several of the affirmative defenses and one
24   counterclaims.
25             THE COURT:  All right.  Well, for the record which
```

1    affirmative defenses are you okay with deleting or
2    withdrawing?
3           MR. MARKMAN: No. 3 -- yes, Your Honor. The third
4    which is latches, the fourth which is acquiescence, the fifth
5    which is estoppel, those affirmative defenses, and then
6    counterclaim 4, which is fraud.
7           THE COURT: Okay. So I'm going to dismiss the fraud
8    counterclaim. After today we will strike those three
9    affirmative defenses.
10          Mr. Patel, I'm not going to strike the other
11   affirmative defenses, I'm -- I mean, I'm not going to spend my
12   time trying to figure out at a motion to dismiss stage whether
13   the affirmative defenses are valid or not. So I'm going to,
14   other than what Mr. Markman has just said, not allow you the
15   file a motion on those.
16          And then with respect to the counterclaims -- can
17   you -- Mr. Patel, can you just sort of tell me sort of in your
18   words what your sort of complaint handles and why you believe
19   the counterclaims are inappropriate?
20          MR. PATEL: Right. Well, first of all, Your Honor,
21   this is a trademark infringement claim and it's the defendant
22   is using identical mark on identical software tools, which is
23   called Mike Marcus Pebbles.
24          THE COURT: I'm sorry, can you say that more slowly
25   for the court reporter, what's that called?

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

```
 1              MR. PATEL:  My trademark is Pebbles, like small
 2   rounded rocks.
 3              THE COURT:  Okay.  All right.
 4              MR. PATEL:  And I use it on software.
 5              THE COURT:  Okay.
 6              MR. PATEL:  And defendant is using the pretty much
 7   same mark identical on identical goods, which are also
 8   software for development of others goods.
 9              THE COURT:  Okay.  You have a registered mark that
10   is Pebbles.
11              MR. PATEL:  Yes, I do.  Yes.  I have two
12   registrations.
13              THE COURT:  Okay.
14              MR. PATEL:  And regarding the counterclaims, one of
15   the things I noticed is that it's copied over from a TTAB
16   opposition I had with another defendant in another case and
17   it's almost line-to-line identical.  And that opposition, all
18   of the counterclaims were dismissed with leave to amend.  But
19   what defendant here has filed is exact old version which was,
20   you know, deficient.  And also, I don't see any damages
21   alleged in this, especially now that you have stricken the
22   third affirmative defense, which defendant will say that's
23   where the damages were alleged.  But that damages, the
24   defendant says I filed it late.  That's not damage because of
25   my trademark.
```

1           THE COURT:  All right.  Mr. Markman, what damages
2    are you seeking?
3           MR. MARKMAN:  Well, there are damages alleged in the
4    complaint, our counterclaim, because of your -- I mean,
5    they're not -- so there are because of the unreasonable delay
6    in filing the proceedings we have been economically
7    prejudiced, including by continuing to invest in the mark.  So
8    it's the investment in those marks which is in the
9    counterclaim.  And it's incorporation -- it's incorporated
10   into different paragraphs.
11          THE COURT:  What is the allegation as to how long it
12   was a delay?
13          MR. MARKMAN:  I'd have to look back.
14          MR. PATEL:  There is no such allegation, I already
15   went through it.  That's why my counter --
16          THE COURT:  Okay.  Mr. Patel, I understand.  Okay.
17   Let's just let Mr. Markman look for whatever he wants to
18   find.
19          MR. PATEL:  Sorry.
20          MR. MARKMAN:  I could look that up.  I wasn't
21   prepared to argue that specific point.  I mean, that wasn't in
22   the motion, the time line of it.  There's a mere allegation
23   there was no damages alleged, but they are in there.
24          THE COURT:  The damages is the delay in filing the
25   mark?

```
1              MR. MARKMAN:  No.  Well, the continued monetary --
2    the specific monetary damages for continuing to invest in the
3    mark.
4              THE COURT:  Right, during the period of delay.
5              MR. MARKMAN:  Correct.  Yeah.
6              THE COURT:  I mean, is that a cause of action?  I'm
7    just confused -- I'm just confused, it's a cause of action if
8    you're -- let's just say arguably you're violating his
9    trademark, I just don't know this area of the law.  So this is
10   not a rhetorical question, is it a claim that someone didn't
11   do it as quickly as you would have wanted?  I just don't
12   understand that.
13             MR. MARKMAN:  Well, the claims relate to several --
14   I mean, the claims are that it's not a valid mark that's a
15   counterclaim too and the relief requested is it should be
16   canceled.
17             THE COURT:  Okay.  Well, that's sort of separate.
18             MR. MARKMAN:  Okay.
19             THE COURT:  Well, let's just get -- well, maybe
20   let's do this, so counterclaims one, two, and four are still
21   in, you dismissed counterclaim 3; right?
22             MR. MARKMAN:  The fraud one.
23             THE COURT:  The fraud one.
24             MR. MARKMAN:  Yeah.
25             THE COURT:  Fraud.  Four, okay.  So we're going to
```

|   |   |
|---|---|
| 1 | get rid of counterclaim 4.  So we have one, two, and three. |
| 2 |    MR. MARKMAN:  Yeah. |
| 3 |    THE COURT:  All right.  And your damages I assume |
| 4 | are just that their registrations are doing what to you? |
| 5 |    MR. MARKMAN:  Well, we had run a whole business |
| 6 | based on these registrations.  So, I mean, sort of the dispute |
| 7 | in this case is like who -- whether this is a valid mark or |
| 8 | not.  Because if it's a valid mark then, you know, we're |
| 9 | continuing to invest in these claims.  And so we're moving for |
| 10 | the cancellation to continue to invest in these marks.  And |
| 11 | the damage is if the violation of this we're continuing to |
| 12 | invest in the marks.  So, I mean, that's the damages.  And |
| 13 | the -- I mean, the whole -- yeah.  So, I mean, we're |
| 14 | continuing to invest in a mark that, you know, there's |
| 15 | potentially a dispute about who owns it.  So the cancellation |
| 16 | of the mark would resolve that so we're not continuing to |
| 17 | invest in the mark.  Which I mean is specific monetary -- |
| 18 |    THE COURT:  But I don't understand, Mr. Patel |
| 19 | already has the marks; right? |
| 20 |    MR. PATEL:  Correct, Your Honor. |
| 21 |    MR. MARKMAN:  Well, they've been -- yeah, the |
| 22 | allegation is that they're abandoned, though.  You know, |
| 23 | that's the counterclaims. |
| 24 |    THE COURT:  Isn't that just a defense, though? |
| 25 |    MR. MARKMAN:  Well, we're requesting declaratory |

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1    judgment about who owns the marks is the counterclaim.
2    Because we're moving for cancellation of the marks.
3             THE COURT:  No, I understand, I just -- but you know
4    that currently he has registered marks.  So if you want -- I
5    don't understand how it's damages for you to continue to
6    invest in the marks.  I mean, that's like your business
7    decision, but your client knows that they're doing so at the
8    risk that the mark will be upheld.
9             MR. MARKMAN:  Yeah, I mean, I would need a little
10   more time to argue this specific point.  I mean, there are --
11   potentially in full briefing we could brief this out.  And
12   we've also offered to amend.  We could amend to add additional
13   damages here to this, if Your Honor would grant us free leave
14   to amend, but -- yeah, the dispute -- I mean, this dispute has
15   been before the TTAB for multiple years.
16            THE COURT:  And -- okay.  And Mr. Patel has won in
17   front of them?  Or no?
18            MR. PATEL:  Your Honor, they have alleged that I am
19   a serial filer, they don't tell you that I have won all of
20   them.
21            MR. MARKMAN:  The ones we cited are still pending.
22            MR. PATEL:  No, they all have been final judgment in
23   my favor if you go and double check it.  Your case is the only
24   one which is pending.
25            THE COURT:  I'm sorry, so there's a case against Mr.

1  Markman's clients currently pending before the USPTO?
2              MR. PATEL:  Correct.
3              THE COURT:  So why are you all in front of me?
4              MR. PATEL:  For the infringement.
5              THE COURT:  Okay.
6              MR. PATEL:  Because the USPTO doesn't take
7  jurisdiction over the infringement.
8              THE COURT:  Right.
9              MR. PATEL:  Your Honor, if I may, also the other
10 thing is the defendant has literally copied things over
11 without actually looking at the content for their pleading.
12 And that's why you don't see all these damage nowhere, there's
13 a pleading of damage.  I already know because the other party
14 in another case, that was dismissed because of -- part of the
15 reason was because no damage was alleged.
16             THE COURT:  All right.  Here's what I think we
17 should do.  I am going to let discovery move forward on this
18 case.  So you guys do the Rule 26(f) whatever.
19             Mr. Markman, I am going to let you, if you would
20 like, replead the counterclaims.  I'm going to ask you to
21 replead the counterclaims.  Do everything that you can to
22 replead them.  And then after that we don't have to meet
23 again, Mr. Patel, you can file a motion to dismiss the
24 counterclaims.  But I want the case to move forward in the
25 interim.  Does that make sense to everybody?

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1         MR. PATEL:  Yes, Your Honor.  Do I still get your
2  permission again if I need to file a motion to dismiss again?
3         THE COURT:  No, sir.  No, sir.  This will be fine
4  for that.  So --
5         MR. PATEL:  Okay.
6         THE COURT:  Yeah, I mean, I -- Mr. Markman, I've got
7  to tell you, I would have a serious conversation with your
8  clients about whether or not it makes sense to pursue
9  counterclaims, because it's going to be expensive for you to
10 brief this issue.  Have you guys talked settlement at all or
11 are you guys just fighting it out?  Has anyone actually talked
12 to anyone yet?
13        MR. PATEL:  Your Honor, I offered them actually to
14 just abandon and I would not even file this case.  And even in
15 my last conversation when I tried to speak about settlement,
16 like just to resolve without any further intervention of the
17 Court, they cut me off saying no, that's not going to be the
18 case.  They would continue using the mark.
19        THE COURT:  All right.  Well, Mr. Markman, I have --
20 I have, just based on what I've seen so far, I suggest that
21 you tell your clients that they would do well for themselves
22 to engage in a discussion with Mr. Patel, through you
23 obviously.
24        In fact, I'm going to just order that before we all
25 spend a lot of more money here.  I'm going to send you guys to

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1  mediation.  I want you all to -- I'm going to send you to the
2  D.C. Circuit's mediation office.  I'm going to order that.
3  You guys mediate through them.  I want discovery -- I want you
4  guys to file the Rule 26(f) reports and I want the case to
5  proceed while we're doing the mediation.
6          Mr. Markman, I suggest you have a serious
7  conversation with your clients about what's going to be the
8  most efficient, least expensive way to proceed.  And I suggest
9  you take up Mr. Patel's offer to double check, I'm sure he's
10 not lying, that he's won the various cases at the trademark
11 office, because if so that's probably information that your
12 client would like to know.
13         All right.  Anything else?
14         MR. MARKMAN:  No, Your Honor.
15         MR. PATEL:  Would the mediation be in person or
16 could it be through Zoom.
17         THE COURT:  I will order that it can be through
18 Zoom.
19         MR. PATEL:  Thank you so much.
20         THE COURT:  All right.  Thank you, everyone.
21         (The proceedings were concluded at 3:17 p.m.)
22     I, Christine Asif, RPR, FCRR, do hereby certify that the
   foregoing is a correct transcript from the stenographic record
23 of proceedings in the above-entitled matter.
24                 _____/s/_____
                    Christine T. Asif
25                  Official Court Reporter

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter