IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dinesh Patel<br>   Plaintiff,<br><br>   v.<br><br>Georgetown Software House, Inc.<br>   Defendant. | Case No.:  1:24-cv-02535-ACR<br><br>Judge:  Hon. Ana C. Reyes<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COUNTERCLAIMS** |

### MEMORANDUM OF POINTS AND AUTHORITIES

  Plaintiff Dinesh Patel ("Plaintiff" or "Patel") respectfully submits this Reply brief ("Reply") in support of his Motion to Dismiss Second Amended Counterclaims ("Motion"; ECF 15) to dismiss with prejudice, Georgetown Software House Inc.'s ("Defendant" or "GSH") counterclaims ("Counterclaims" or "Counterclaim") as set forth in Defendant's "Second Amended Answer And Affirmative Defenses, And Counterclaims" ("2ACC"; ECF 13) filed on May 6, 2025. Defendant's answer and affirmative defenses in the 2ACC are collectively, the "Answer" (ECF 13 at 1-20).

  Defendant's 21-page opposition to the Motion ("Opposition"; ECF 16), contains 16 footnotes which appear excessive and improper; for instance, footnotes on ECF 16 at 3 and 5 have more verbiage than the rest of the text on those pages; while many footnotes cast aspersions on Plaintiff instead of addressing the Motion, some are simply pointless; see its Footnote 2 (ECF 16 at 7) which argues that the Motion does not move to strike because the Court did not grant such leave.

  Defendant's and its counsel's continued personal attacks on Plaintiff are not germane to the Motion, and as such Plaintiff only addresses them briefly with the support of his attached Declaration of Dinesh Patel In Support of Reply Brief ("Patel Decl."). Defendant and its attorney have deliberately and baselessly accused that "Mr. Patel has settled all his closed cases regarding his trademarks before they reached the merits. In other words, none of Mr. Patel's previous cases reached the merits of his PEBBLES Registrations." See Patel Decl.

  Defendant has filed a court-reporter transcript ("Transcript"; ECF 16-1) for the Apr 30, 2025

Hearing held with the Court ("Apr30-Hearing), which shows the following:

> "MR. MARKMAN: … this dispute has been **before the TTAB for multiple years**.
>
> THE COURT: And -- okay. And Mr. Patel has won in front of them? Or no?
>
> MR. PATEL: Your Honor, they have alleged that I am a serial filer, they don't tell you that I have won all of them.
>
> MR. MARKMAN: The ones we cited are still pending.
>
> MR. PATEL: No, they all have been final judgment in my favor if you go and double check it. Your case is the only one which is pending.
>
> **THE COURT:** I'm sorry, so there's a case against Mr. Markman's clients currently pending **before the USPTO**?
>
> MR. PATEL: Correct." Emphasis added; see **ECF 16-1 at 8:9-9:8**.

It is clear that Defendant was speaking of the Trademark Trial and Appeal Board (TTAB) of the United States Patent and Trademark Office (USPTO) related to Plaintiff's PEBBLES® Mark, and the Court also understood it as such. Plaintiff accurately responded to Defendant's attorney's false accusations against Plaintiff, which have continued now with Defendant's attorney twisting the above matter into a pending Nevada District Court case, which also relates to the TTAB's judgments sustaining Plaintiff's oppositions and refused registrations to the respondent.

## I.   ARGUMENTS

Defendant's mere conclusory allegations are insufficient to overcome a motion to dismiss. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendant's simultaneously filed motion (ECF 17) requesting leave of the Court to file the **fourth** version of its pleadings, unequivocally shows that 2ACC is deficient and must be dismissed.

In addition to changing its attorney very early in the case, Defendant has also quickly gone through no counterclaims (ECF 5) to four counterclaims (ECF 6) to two counterclaims (ECF 13) and now Defendant has also simultaneously filed yet another motion for leave of this Court for yet another piecemeal amendment to address only some of the deficiencies pointed out by Plaintiff; see ECF 17. Quite evidently, Defendant is not done throwing darts in the dark to see what sticks, evidenced by the fact that Defendant's fraud counterclaim did not withstand a mere Pre-motion Notice (ECF 7). On the contrary, Defendant's admission, that "Mr. Patel does not re-raise this concern after Georgetown

amended its pleadings" (Opposition at 11) shows that Plaintiff is not litigating frivolous issues.

### A. DEFENDANT'S ALLEGEDLY "OBVIOUS SCRIVENER'S ERRORS"

Defendant's Counterclaims are copied over failed work of someone else work without involving any critical thinking. Defendant's alleged "obvious scrivener's errors" evidences dilatory tactics on Defendant's part of using them as a way to rely on Plaintiff to do proof-reading of Defendant's pleadings, and then make piecemeal amendments only when Plaintiff points out such issues. Nothing else explains why Defendant entirely and repeatedly missed **so many** of its alleged "obvious scrivener's errors" in all of its previous pleadings until Plaintiff pointed them all out. Defendant's so many amendments are prejudicing Plaintiff, requiring repeated piecemeal oppositions. Defendant has already lined up yet another amendment (ECF 17) to for only "minor" amendments. Defendant baselessly declares that "Georgetown is … entitled to correct obvious scrivener's errors" (Motion at 15, Footnote 12), Defendant does not have an entitlement to making piecemeal amendments. As the Motion points out, Defendant's dilatory tactics "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc" are unacceptable. *See, Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant's dilatory tactic of copying others' incompetent and failed work to this case, and then to repeatedly keep asserting the same deficient matter despite the Court's generously pointing out to Defendant's counsel that:

> "THE COURT: … Mr. Markman, I've got to tell you, I would have a serious conversation with your clients about whether or not it makes sense to pursue counterclaims, because it's going to be expensive for you to brief this issue." (ECF 16-1 at 11:6-10)

Quite evidently, the Court's concern has fallen on deaf ears, because since the Apr30-Hearing, not only Defendant filed 2ACC, there is **yet another** simultaneous request for leave of the Court to **again** amend its pleadings; see ECF 17, despite Plaintiff's clarification to Defendant during meet and confer that such piecemeal amendments are opposed in the Motion; ECF 15 at 7: 12-13.

Defendant must be stopped by the Court from repeatedly harassing Plaintiff as described above. The last section of the Opposition labelled "Georgetown Concurrently Moves to Amend Its Pleading to Correct Scrivener's Errors," is Defendant's improper attempt to file a Surreply without leave of the

Court, while also attempting to insert an additional amendment in this case. Defendant's admission that its next version of amendment involves "minor changes" (Opposition at 19), supports Plaintiff's arguments. Defendant points to *Foman v. Davis*, 371 U.S. 178, 182 (1962), however, *Foman* specifically allows the Court to dismiss with prejudice when dilatory tactics are involved.

### B. COUNTERCLAIM I MUST BE DISMISSED WITH PREJUDICE

Even if the Court were to entirely ignore Defendant's repeatedly alleged "obvious scrivener's errors," Counterclaims remain meritless and futile, and must be dismissed with prejudice.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). Under 15 U.S.C. § 1127, there are two elements of a trademark nonuse abandonment claim: "(1) nonuse; and (2) intent not to resume use.". *Tiger Lily Ventures Ltd. v. Barclays Cap. Inc.*, 35 F.4th 1352, 1360 (Fed. Cir. 2022). Without showing three consecutive years of nonuse, a claimant must prove **both** of the above-referenced criteria with a preponderance of the evidence. Neither of these requirements are met in the Counterclaims.

**1. Failure to allege "Nonuse"**

Defendant asserts that the exhibits attached to the Complaint "are unadmitted, as in Georgetown did not admit their authenticity in its answer" (Opposition at 12, Footnote 9), but the Counterclaims assert that "Plaintiff controls the content of the website at www.batchtest.com/pebbles, which is affiliated with Plaintiff's claimed PEBBLES mark **("Plaintiff's Website")**"; see Counterclaims ¶ 7. Defendant's argument that it "did not admit" merely supports that its counterclaims merely deny the Complaint, and as such, it is duplicative of the matter already in front of the Court.

Further, Defendant's allegation that Plaintiff owns the website at www.batchtest.com, but except for Defendant's cherry-picked web-page on Plaintiff's goods, some of the other webpages from that same website which are alleged in the Complaint, do not "appear[] to show any information related to Plaintiff's business" (see Answer ¶¶ 39-47; Defendant has incorporated all paragraphs from its Answer into its Counterclaims; see Counterclaims ¶ 1). Essentially Defendant believes that it has sufficiently alleged its counterclaim for abandonment of Plaintiff's federally registered PEBBLES® trademark by pick a web-page showing irrelevant content. Defendant has not alleged that no other web-

page on the batchtest.com site or websites controlled by Plaintiff or others show the use of Plaintiff's PEBBLES® Mark on Class 42 services. At best, the above is a cockamamie theory and does not meet the *Iqbal* standard.

**2. Failure to allege "intent not to resume use"**

Defendant presents that "Georgetown has alleged generally the second element of its abandonment counterclaim: that Mr. Patel does not intend to resume his PEBBLES Class 42 Registration in commerce. Id. at 22, ¶ 11. Georgetown's general allegation of intent is sufficient." However, the "intent not to resume such use in commerce" is a conclusory and bald assertion in 2ACC at 22, ¶ 11. Defendant repeats the phrase "intent not to resume [] use" three times in the Counterclaims (¶¶ 6, 10, and 11), but no facts are alleged anywhere in the Opposition, which if accepted as true for the purpose of the Motion, would allow the Court to draw a reasonable inference that Plaintiff is liable for the misconduct alleged. *See Iqbal*. In fact, the above-referenced allegations are what the Supreme Court considered as no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*.

Defendant alleges that "[f]or the intent element of abandonment, it is enough to allege intent generally because the abandonment [counter]claim does not involve fraud or mistake. *Lewis Silkin LLP*, 2018 WL 6923002, at *5 n. 7 (citing Fed. R. Civ. P. 9(b))." However, in *Lewis*, the TTAB had specifically explained that "[t]he Board finds that no more is necessary for a legally sufficient abandonment claim **in the context of the Board's narrow jurisdiction** limited to trademark registrability." Emphasis added. Defendant had the full opportunity to move for an abandonment counterclaim in the related Trademark Opposition No. 91288564 and have its case heard within such "narrow jurisdiction," but chose not to do so (Motion at 3:21; also see, ECF 1 Exhibit 16). Now Defendant wants this Court to ignore *Iqbal* standard and apply the context of the TTAB's narrow jurisdiction. This is a federal trademark infringement case with significantly more at stake than mere trademark registrability, and as such the Court must hold Defendant's pleadings to *Iqbal* standard. Defendant has asserted its Counterclaims as a response to trademark infringement, while also incorporating the paragraphs of its answer in the 2ACC which deny trademark infringement. In fact, this is why the Court had also questioned during the Apr30-Hearing that "Isn't that just a defense,

though?" ECF 16-1 at 8:21-9:2. Quite evidently Defendant's allegations are nothing more than exaggerated denials of Defendant's Answer to the Complaint, and as such duplicative of the matter already in front of the Court. See Motion at 12:2-4.

Defendant's arguments also rest on its attorney's bald assertion that "Georgetown needs discovery on this point in order to understand Mr. Patel's intent in this regard"; Opposition at 14. But that shows Defendant's dilatory tactics of a fishing expedition to drag on this case for no other reason than to increase the cost of litigation for Plaintiff, because Defendant has also repeatedly "accused Plaintiff of being a "sophisticated serial filer of trademark actions" (ECF 9 at 3)" and pointed to several TTAB cases involving Plaintiff's PEBBLES® Mark, which quite naturally supports Plaintiff's diligent policing of his trademarks, and it is the opposite of "intent not to resume use" of his PEBBLES® Mark. Plaintiff respectfully requests the Court to note that the TTAB does not grant any damages or costs to litigants; in other words, Plaintiff has spent his own resources in such cases to protect his valuable trademark rights, knowing that he may not recover his costs of such litigations. Plaintiff's spending of significant amount of time, money and resources in such efforts are hardly an "intent not to resume use" of his PEBBLES® Mark.

For the reasons as set forth above, the Court is respectfully requested to dismiss Counterclaim I with prejudice and stop Defendant's repeated piecemeal amendments which continue to remain futile, and significantly increasing Plaintiff's litigation costs and resulting in loss of work. The above also shows that even if Defendant were allowed to correct its alleged "obvious scrivener's errors," such amendment will remain far from curing its counterclaims.

### C. COUNTERCLAIM II MUST BE DISMISSED WITH PREJUDICE

Defendant alleges that it "has sufficiently stated a claim to relief that is plausible, on its face, that Mr. Patel was not using the marks of the PEBBLES Registrations in commerce prior to filing his in-use applications, and Mr. Patel has not contradicted these allegation"; Opposition at 14-15. Defendant's such allegations are deficient, because the certificates of Plaintiff's PEBBLES® Registrations were issued by the USPTO, and the trademark assignment was recorded by the recordation branch of the USPTO; each of these documents are attached to the Complaint and they are self-authenticating pursuant to Rule 902; see ECF 1 at 40-43 and 53-54. The PEBBLES® Registrations

show that they were issued to "BatchTest Corporation" and sometime later assigned to Plaintiff.

Instead, here Defendant presents that "Mr. Patel was not using the marks of the PEBBLES Registrations in commerce prior to filing his in-use applications," but Plaintiff was not required to make such use when the said application was filed by Plaintiff's predecessor. Plaintiff's Complaint and the attached self-authenticating evidences themselves contradict what Defendant has alleged in both of its Counterclaims. In other words, Defendant is merely denying Plaintiff's allegations in Complaint ¶¶ 2, 13 and 19-23. Defendant's allegations that "PEBBLES UI is not the same as PEBBLES" is equally defective, because Counterclaims ¶¶21 admits that Plaintiff had submitted specimen**s** to the USPTO and one of them showed only "PEBBLE," which shows Defendant's self-contradicting allegations.

Defendant then argues that "In the allegation, Georgetown cites to Mr. Patel's specific specimens submitted in connection with the PEBBLES Registration, and states that those show use of the mark PEBBLES UI, not the applied-for mark PEBBLES." However, just a few lines earlier Defendant admitted that one of the specimens showed "Pebbles" while making a conclusory remark that ""Pebbles" alone relates only to a service to update and synchronize Mr. Patel's own product, which does not qualify as a service rendered in commerce"; Opposition at 11. Defendant appears to be forgetting what it is trying to argue in the middle of its own sentences.

More importantly, Defendant now admits that:

"In paragraph 44 of his Complaint, Mr. Patel includes in the paragraph itself a copy of the specimen that was filed under the trademark application which matured into Mr. Patel's '799 Registration (the PEBBLES Class 42 Registration). ECF No. 1 at ¶ 44. That copy of the specimen itself, as reproduced in the Complaint and also repeated by Mr. Patel in his motion, states that "Pebbles™ Service" "[u]pdates and synchronizes your Pebbles™ graphics, function modules, UI controls, and indicators."" **Opposition at 16-17**.

Since Defendant finally admits that Image 1 shown in Complaint ¶44 is "a copy of the specimen that was filed under the trademark application trademark application which matured into Mr. Patel's '799 Registration (the PEBBLES Class 42 Registration). ECF No. 1 at ¶ 44," pursuant to Rule 902, Image 1 of Complaint ¶44 is acceptable by the Court as an authentic and admissible for the purpose of the Motion. The above unequivocally establishes that a specimen to show use of the term "Pebbles" was submitted to the USPTO, which was found acceptable by the USPTO because only after that U.S. Registration No. 6,557,799 was issued; see the self-authenticating exhibits at ECF 1 at 53-54.

Incidentally, on April 16, 2024 under U.S. Trademark Opposition No. 91288025, while dismissing the allegations by the third-party whose work Defendant has copied over to this case, the TTAB had pointed to its precedential decision in *General Mills Inc. v. Healthy Valley Foods*, 24 USPQ2d 1270, 1273 n. 6 (TTAB 1992), which states that "the Board has stated in the past that the question of the sufficiency of the specimens is not a proper ground for opposition [or, in this case, cancellation]. See: Century 21 Real Estate Corp. v. Century Life of America, 10 USPQ2d 2034, 2035 (TTAB1989)." Here, Defendant entirely relies on a specimen while making conclusory remark that ""Pebbles" alone relates only to a service to update and synchronize Plaintiff's own product, which does not qualify as a service rendered in commerce." See Counterclaims ¶21.

Without carefully reading the Complaint, Defendant also alleges that:

> "In his Motion to Dismiss, Mr. Patel asks the Court to make the conjectural leap to interpret this as referring to updating and synchronizing files between two consumer computers; but this is not apparent from the specimen itself." **Opposition at 17**.

Counterclaims ¶4 (ECF 1 at 2:22) alleges "local and remote data collection and synchronization"; ECF 1 at 107 shows the description "Synchronize and maintain equipment setup files, firmware, and software across all your compatible equipment (a functionality similar to that of Dropbox, but made for automation equipment" for consumers. These are not "conjectural leap" as Defendant would like the Court to believe.

Regarding any allegation whatsoever against Plaintiff's Registration No. 6,557, 978 for PEBBLES® Mark in Class 9 ("'978 Registration"), here Defendant itself attempts to conflates its Class 42 conclusory remarks with Class 9 goods. Defendant's allegations specifically recite "PEBBLES Class 42 Services" but not any Class 9 goods. Counterclaim II appears to be focused on its paragraph ¶21 in which Defendant recites "a service rendered in commerce" but not any Class 9 goods. In fact, there are only two recitation of the term "goods and services" in ¶¶19 and 26, both of which recite an identical matter while making a general use of the term "goods and services." While Defendant notes for itself that "it is permitted to make arguments in the alternative," that note is not conveyed anywhere in Counterclaim II. Defendant's allegations that "Pebbles UI" was listed under "Our Products" or "Products" is not an allegation against the '978 Registration, it merely alleges menu of a website which Defendant denies as showing any of Plaintiff's business. As its last failed attempt, Defendant then

argues that "Taken separately or together, Georgetown's allegations and Mr. Patel's Complaint include more than sufficient factual matter," apparently in an attempt to entirely rely on its denial of Plaintiff's Complaint as some unalleged counterclaim.

The above shows that Defendant's Counterclaims are not the "well-pleaded" allegations to allow the Court "all reasonable inferences from those allegations in the plaintiff's favor." *See, Hurd v. District of Columbia, Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017), as cited by Defendant. As such, Counterclaim II must be dismissed with prejudice, because despite Defendant's fourth attempt at counterclaims, they remain futile; Defendant's fourth version merely corrects its alleged "obvious scrivener's errors," and as such it remains deficient as described above.

### D. DEFENDANT'S LCVR 7(F) REQUEST FOR IN-PERSON HEARING

Defendant wants the Court to grant an in-person hearing pursuant to LCVR 7(f), because its attorney is allegedly "less experienced, non-partner associate attorney[, who has] never argued a motion to dismiss in federal court" But given that Mr. Markman was incredibly unprepared to discuss one of the main topics of lack of damages allegations in the 1ACC, on which the Apr30-Hearing was held, it is unclear why an in-person hearing would help him. The problem was not with his remote appearance over Zoom; Mr. Markman was in front of his computer which was the most convenient place for him to quickly look up any information he needed, and yet he had a difficult time finding allegation of damages in the 1ACC.  See ECF 16-1 at 6:20-23.

If an in-person hearing is granted to Defendant, Plaintiff requests the Court to allow him to appear via zoom so that his Motion is not considered conceded; Plaintiff is in California and an in-person hearing would be quite burdensome when his remote appearance would be just as effective.

### II. CONCLUSION

While Defendant's third version of its responsive pleadings is pending determination, its fourth version is already in the queue (ECF 17). For the reasons as set forth above, the Court must dismiss Defendant's counterclaims with prejudice because not only Defendant is engaged in piecemeal amendments only after Plaintiff points out mistakes, but that no amount of such amendments will allow Defendant to sufficiently plead a claim based on Defendant's conclusory allegations.

Respectfully submitted,

Dated:      June 17, 2025         /s/ Dinesh Patel

(*Pro Se* Plaintiff)
2118 Walsh Ave, Suite 240, Santa Clara, CA 95050
Email: btcroot@gmail.com
Telephone: (408) 454-8378

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I caused the foregoing document to be served electronically by means of the Court's CM/ECF system, on Defendant's counsel of record:

Eliot S. Markman
Dentons US LLP
Hanley Corporate Tower
101 S. Hanley, Suite 600
St. Louis, MO 63105
Telephone: (314) 241-1800
Facsimile: (314) 259-5959
eliot.markman@dentons.com

(Attorneys for Defendant Georgetown Software House, Inc.)

/s/ Dinesh Patel

2118 Walsh Ave, Suite 240
Santa Clara, CA 95050
Email: btcroot@gmail.com